Rockingham,
No. 4683.

CECILE E. FORTIN & a. v. JOHN O. MORTON, *Commissioner.*

Argued December 2, 1958.

Decided December 31, 1958.

478

*McLane, Carleton, Graf, Greene & Brown* and *Jack B. Middleton* (*Mr. Middleton* orally), for the plaintiffs.

*Louis C. Wyman,* Attorney General, and *Jarlath M. Slattery,* Assistant Attorney General (*Mr. Slattery* orally), for the defendant.

WHEELER, J. The question presented is whether, on the basis of the pleadings and the agreed facts before us, the plaintiffs are entitled to a hearing on the merits of their petitions in the court below.

The plaintiffs concede that it is elemental law that the State cannot be sued without its consent. It is further pointed out that these actions do not seek to interfere with the official discretion of the defendant but rest upon the charge of abuse of powers. *Philadelphia Co.* v. *Stimson,* 223 U. S. 605; *Larson* v. *Domestic and Foreign Corp.,* 337 U. S. 682. The plaintiffs contend that the acts of the defendant were arbitrary, unreasonable and capricious and beyond his authority and therefore ultra vires. If these allegations are true ˙in fact, the defendant's acts are not those

of the State and the plaintiffs are entitled to equitable relief. *Conway* v. *Water Resources Board,* 89 N. H. 346, 348; *Wiseman* v. *State,* 98 N. H. 393, 397; *Wiseman* v. *Merrill,* 99 N. H. 256, 261; *Kostrelos* v. *Merrill,* 101 N. H. 317, 319.

Whatever interference with the ownership and enjoyment of their property the plaintiffs may have sustained was occasioned by the construction of a limited access highway authorized by RSA ch. 236. Section 2 (supp.) of said chapter gives the Governor and Council authority to appoint a commission to lay out limited access facilities with broad powers to acquire property, public or private "including rights of access, air, view, and lights, by gift, devise, purchase or condemnation . . . . " Section 3 of said chapter invests in the Commissioner of Public Works and Highways authorization "to design any limited access facility and to so regulate, restrict, or prohibit access as to best serve the traffic for which such facility is intended."

It is apparent from the language of the statute that the sole duty of the commission appointed by the Governor and Council is to acquire land for highway purposes. Authority to determine what the layout should be rests solely with the Commissioner of Public Works and Highways, who is further authorized under said section 3 to regulate and restrict access to such highway as traffic requirements demand. *Kostrelos* v. *Merrill, supra.*

The agreed statement of facts recites that plaintiffs have been granted three points of access to their property on the east side of the highway. Beyond reciting the conclusions that the action of the Commissioner "is wholly inadequate for [their] needs" and "constitutes a great hardship and unreasonable curtailment of [their] rights . . . " the petition alleges no facts which if proved would establish that the Commissioner abused the discretion vested in him by the statute. On their face, the defendant's acts were within the authority vested in him by the statute. *Wiseman* v. *Merrill, supra.*

*Bills dismissed.*

BLANDIN, J., was absent; the others concurred.