Strafford
No. 78-207

CLAUDETTE C. POULIOT

v.

ELLSWORTH W. HODGDON

May 31, 1979

*William E. Galanes*, of Dover, orally for the plaintiff.

*Hamilton R. Krans, Jr.*, of Dover, by brief and orally, for the defendant.

LAMPRON, C.J.   This is an action in tort to recover from the defendant, a State probation officer, money that he allegedly directed to be paid to the plaintiff's sister in contravention of a court child support order. The plaintiff, mother of two minor children, originally brought a contract action against the New Hampshire Department of Probation, and a negligence action against the defendant individually. At trial, the State moved to dismiss the action against it on the ground of sovereign immunity; plaintiff's counsel agreed, and the action against the State was dismissed. That issue has not been appealed. The negligence

action resulted in a verdict for $490.00 against the defendant personally. The defendant excepted to the denial of his motion for a directed verdict and other rulings of the court, and his exceptions were transferred by *Loughlin*, C.J. We overrule the defendant's exceptions.

In December 1969, the Strafford County Superior Court, as part of a divorce decree, ordered Ernest R. Pouliot to pay thirty dollars per week to Claudette Pouliot for the care and custody of their two minor children. The payments were to be made through the New Hampshire Department of Probation. The evidence showed an erratic history of payments. Mr. Pouliot refused to make most of these payments, and at one point when they were made to the department, Mrs. Pouliot could not be located to give her the payments. When the department of probation could not find Mrs. Pouliot, it placed the account in suspension. Mrs. Pouliot could not be located because she was away from New Hampshire with the children from the latter part of 1973 until April 1974.

The court ordered an investigation of the case, and the defendant, a probation officer from the Strafford County office, undertook the investigation. By then Mrs. Pouliot had moved back to New Hampshire and was residing with her sister, Ethelyn Foster. The defendant met with the plaintiff at Mrs. Foster's house in April 1974. Plaintiff testified at trial that she and the children stayed with her sister until she could obtain work; when she found work the children boarded with Mrs. Foster. The defendant visited Mrs. Foster's home on six other occasions while Mrs. Pouliot was at work and each time found the children there. The children at all times remained in the legal custody of Mrs. Pouliot, who testified that she paid her sister for boarding the children. During the investigation, Mrs. Foster told the defendant that she needed support money for the children. In July 1974, the defendant on the basis of Mrs. Foster's statements, and without speaking with Mrs. Pouliot, told the department of probation central office to pay the child-support payments to Mrs. Foster instead of to the plaintiff. The department then paid Mrs. Foster a total of $490.00.

At trial the plaintiff put forth two theories of liability: first, that defendant was negligent in his investigation, because if he had exercised reasonable care, he would have determined that Mrs. Foster was not the party supporting the children; and second, that the defendant exceeded his statutory authority by directing that the support money be paid to plaintiff's sister contrary to a valid court order. The main issue in this case is whether the defendant's actions in directing that the support to be paid to Mrs. Foster were outside the scope of his

statutory powers, thereby subjecting him to personal liability for damages to the plaintiff caused by his wrongful acts. *Fortin v. Morton*, 101 N.H. 477, 478, 147 A.2d 644, 645 (1959); *State v. Kimball*, 96 N.H. 377, 381, 77 A.2d 115, 120 (1950); *Kern v. Miller*, 216 Kan. 724, 533 P.2d 1244 (1975). *See generally,* W. PROSSER, THE LAW OF TORTS § 132, at 991 (4th ed. 1971); 63 AM. JUR. 2d *Public Officers and Employees* § 291 (1972).

■ ■ By statute, a probation officer may only disburse support payments pursuant to a court order. "The collection and disbursement of fines and restitution-payments and payments ordered in divorce, non-support, and support for children of unwed parents cases may be made by probation officers *when so ordered by the court.*" RSA 504:16 (Supp. 1977) (emphasis added). The State and departmental rules neither delegate nor grant any power to a probation officer to alter the court-ordered payment scheme on his own initiative. Consequently, a probation officer who does so is acting outside his statutory authority, and if the officer causes an injury as a result of this action, he can be personally liable. *State v. Kimball*, 96 N.H. 377, 381, 77 A.2d 115, 120 (1950).

■ ■ The defendant characterizes his actions as falling within the scope of his specified duties. Specifically, he maintains that he merely investigated the case and made recommendations to the central office based on his investigation, that these recommendations were only advisory, and that it was the central office, not he, that actually directed the change in payment procedure. The determination whether the defendant only recommended or actually authorized payment in contravention of a court order was an issue properly before the trier of fact. *See Kern v. Miller*, 216 Kan. 724, 533 P.2d 1244 (1975). The trial court, sitting as trier of fact, found that the defendant acted outside the scope of his statutory duties and as a result injured the plaintiff. The court's conclusion on this issue is supported by the evidence and will stand.

None of the facts that supported a contrary result in *McCrady v. Mahon*, 119 N.H. 247, 400 A.2d 1173 (1979) were present in this case.

*Judgment on the verdict.*

BOIS, J., did not sit; the others concurred.