Rockingham, }
Feb. 6, 1923. }

### FLORENCE J. COWLES *v.* EDWARD S. COWLES.

Under P. S., *c.* 175, *s.* 18, the superior court, having acquired jurisdiction of a proceeding for divorce, custody of children and allowance for their support, has jurisdiction of a petition for a modification of the decree, the parties having since removed from this state, and the defendant having been served with a copy of the petition and order of notice at his residence outside the state.

PETITION, to modify a decree for the support of the minor children of the parties.   The original decree was made as a part of the orders when the plaintiff's prayer for a divorce, custody of children and allowance for their support was granted in the superior court prior to 1917.   The parties all resided in the state at that time, and the jurisdiction of the court is not questioned.   Later, the plaintiff and the children removed to Massachusetts and the defendant to New York.   The orders were modified in 1918.   Both parties appeared at the hearing.   There was a later modification of which the defendant had due notice.   He was served with a copy of the present petition and order of notice at his residence in New York.

The defendant filed a plea asking that the petition be dismissed for want of jurisdiction, because none of the parties resides within the state.   The question of jurisdiction was transferred without ruling from the April term, 1922, of the superior court by *Allen,* J.

*Daniel J. Rollins* (of Massachusetts) and *Dwight Hall* (*Mr. Rollins* orally), for the plaintiff.

*Franc & Becker* (of New York) and *Samuel W. Emery,* for the defendant.

PEASLEE, J.   The question here presented relates solely to the power of the superior court to modify a decree for periodical pay-

ments for the support of children. The decree was a part of the order granting the plaintiff a divorce from the defendant. In the present application there is no prayer as to custody, and the present jurisdiction to act upon that matter is not involved.

The existing decree was made when the court had unquestioned jurisdiction over the parties and the subject-matter, and when the domicile of the children was in this state. Such a decree is a judgment, or a series of judgments, and entitled to recognition outside the state. *Sistare* v. *Sistare*, 218 U. S. 1. This is true although the decree is subject to future modification for cause shown. *Ib.*, 17.

The modification of the decree is governed by the same procedural rules that apply when the order is in terms a grant of alimony. *LeBeau* v. *LeBeau, ante,* 139. The power to modify such a decree is vested solely in the court where it was entered. Courts in other jurisdictions have no power to act in the matter. *Page* v. *Page,* 189 Mass. 85.

The position stated in the plea, that jurisdiction has been lost by the mere removal of the parties from the state, *pendente lite,* is untenable. "The jurisdiction is determined by the state of facts existing at the time of filing the petition. When jurisdiction has attached, it is not defeated by subsequent acts of the parties. Jurisdiction of the subject-matter and of the parties once obtained is not lost by the removal of one or all of the parties out of the territorial jurisdiction. When it depends upon residence of the parties or upon the amount in controversy, a change of residence, or a reduction of the amount by confession or otherwise, does not oust the court of jurisdiction once acquired." *State* v. *Wilkins,* 67 N. H. 164, 165. In view of these well-settled rules, it is entirely clear that under our statute relating to the revision of orders in actions for divorce (P. S., c. 175, s. 18) the superior court has jurisdiction to hear the present application as a part of the original proceeding.

In the decree for divorce it is stated that, "It is the intention of the court that jurisdiction of the parties as well as the children is retained by this court, and this order in any of its particulars may be modified at any time upon petition for good cause shown." This provision of the order is merely a recital of that which is expressly provided by the statute, and of the legal consequences incident thereto. "The court, upon proper application and notice to the adverse party, may revise and modify any order made by it, may make such new orders as may be necessary, and may award costs as justice may require." P. S., c. 175, s. 18. The legal situation of

the parties is that they continue to be subject to the jurisdiction, because of the provision that the first order is not necessarily a final disposition of the case. Whether the above quoted stipulation in the order would enlarge or continue the jurisdiction in the absence of the statute, need not be considered. The matter is provided for by the statute, and the recital in the decree is superfluous.

The claim that a modification of the order, upon notice served in New York, would be a denial of the defendant's constitutional right to due process of law, rests upon the erroneous proposition that this proceeding is a new suit, in which the defendant is entitled to insist upon service of process before he can be required to respond. The present proceedings "are rather a continuation of the original litigation than the commencement of a new action," and "may be taken upon such notice, personal or constructive, as the State creating the tribunal may prescribe." *Pennoyer* v. *Neff*, 95 U. S. 714, 734. "The notice essential to due course and process of law is original notice, whereby the court acquires original jurisdiction, and not notice of the time when jurisdiction already completely vested will be exercised." *Griggs* v. *Hanson*, 86 Kan. 632, 637.

The principle stated has frequently been applied where a modification of continuing orders incident to divorce proceedings, or those for the support of children, was sought. *Morrill* v. *Morrill*, 83 Conn. 479; *Stetson* v. *Stetson*, 80 Me. 483; *White* v. *White*, 65 N. J. Eq. 741. The provisions of our statute and the practice under it (*Wallace* v. *Wallace*, 74 N. H. 256, and cases cited) demonstrate that the present proceeding is merely a part of the original action for divorce, and that under the authorities cited the court still retains jurisdiction.

The defendant also alleges that he is about to begin new proceedings as to custody and maintenance at the present domicile of the plaintiff and the children. If this should hereafter be done, and the Massachusetts court should make orders upon those subjects (*White* v. *White*, 77 N. H. 26), the facts would be material for the court here to consider upon the question whether the local orders should continue, or be modified or revoked. But the questions so presented would be merely those of comity, and the reasonable exercise of somewhat conflicting powers. They do not arise upon the present facts, and they will not be jurisdictional if they arise in the future.

The defendant's plea should be rejected.

*Case discharged.*

All concurred.