Rockingham,
Feb. 7, 1950. } No. 3888.

EUGENIA M. MOORE *v.* ERNEST F. MOORE.

*Charles J. Griffin* and *Thomas J. Morris* (*Mr. Morris* orally), for the plaintiff.

*Varney, Levy & Winton* (*Mr. Winton* orally), for the defendant.

JOHNSTON, C. J. The authenticated copy of the Georgia judgment was properly received in evidence. Its correctness was certified by the clerk of the court. The fact of his being clerk, the genuineness of his signature and the fact that the seal affixed was the seal of the court were certified by the Presiding Judge of the court. Finally, the fact that the Presiding Judge was such and the genuineness of his signature were certified by the clerk. *State* v. *Blaisdell,* 59 N. H. 328.

When a judgment is final in the sense that it is not subject to modification in the discretion of the court that rendered it as to instalments that have already accrued, then it is entitled to full faith

and credit in another state. *Sistare* v. *Sistare*, 218 U. S. 1; *Cowles* v. *Cowles*, 80 N. H. 530; 17 Am. Jur. 538; 90 A. L. R. 924, 940.

That the Georgia decree dated October 29, 1926 was final, at least in the above sense, follows from the case of *Varble* v. *Hughes*, 52 S. E. (2d) 303 (Ga. 1949). At page 304 the court said: "A final decree for permanent alimony, not excepted to, passes beyond the discretionary control of the trial judge; and he has then no authority to modify its terms, unless authority to do so is reserved in the decree." The decree under consideration contained no such reservation.

In *Yarborough* v. *Yarborough*, 290 U. S. 202, the principle that a Georgia decree for the support of a minor child was *res judicata* and entitled to full faith and credit in another state was applied so that the mother and child were denied additional support for the child in the State of South Carolina, to which they had moved. "That the term 'permanent alimony' as used in the decree of the Georgia court means a final provision for the minor child is shown by both the legislation of the State and the decisions of its highest court." *Id.*, 209. The further statement of the court on pages 212, 213 is in point: "It was settled by *Sistare* v. *Sistare*, 218 U. S. 1, that the full faith and credit clause applies to an unalterable decree of alimony for a divorced wife. The clause applies, likewise, to an unalterable decree of alimony for a minor child."

The use of the deposition of the plaintiff was objected to on the ground that it had not been filed in accordance with the time specified in the statute. The taking of the deposition was by oral agreement. The Court in its discretion might find that the statutory requirement was waived by the agreement of the parties.

One of the defenses raised is the fact of subsequent cohabitation until May, 1932. It is claimed that under the Georgia Code, 1933, section 30-217 (2990) the decree of 1926 for permanent alimony was annulled. The mere fact of cohabitation of the parents cannot affect the rights of the children previously decreed because of the provisions of the section. These are as follows: "Subsequent cohabitations, effect as to permanent alimony—The subsequent voluntary cohabitation of the husband and wife shall annul and set aside all provisions made, either by deed or decree, for permanent alimony. The rights of children under any deed of separation or voluntary provision or decree for alimony shall not be affected thereby."

The defendant claims that the 1926 judgment became dormant under the provisions of the Georgia Code, 1933, chapter 110-10. But in *Fischer* v. *Fischer*, 164 Ga. 81, which suit was brought thirteen years

after the entry of the judgment, it was decided that the statutes relating to dormancy of decrees do not apply to a decree for alimony. On page 84, the court said: "We do not think that the decree in this case awarding as alimony for the benefit of Mrs. Fischer and her minor child a sum payable in instalments is such a decree for money as is contemplated in the . . . [Code of 1933, s. 37-1211] providing for the dormancy of decrees. We find decisions in outside jurisdictions holding that a judgment for alimony does not become dormant by failure to issue execution within the statutory period, as it is a continuing, subsisting claim against the husband, which rests both on the adjudication of the court and also the obligations of the common-law liability of the husband to support his wife." See also, *Morrow* v. *Wainwright*, 177 Ga. 100. The *Fischer* case was approved in *Cleveland* v. *Cleveland*, 197 Ga. 746, which opinion quotes the same portion of the *Fischer* opinion that we have given above.

Recovery is not barred in this state by the statute of limitations because the defendant has resided here less then twenty years. R. L., c. 385, ss. 4, 8. *Stavrelis* v. *Zacharias*, 79 N. H. 146.

Although the subsequent cohabitation of the husband and the wife did not annul the decree in favor of the wife for the support of the children, it does not follow that there has been no satisfaction of said judgment. The plaintiff alleges in her declaration that a writ of *fieri facias* was issued by the Georgia court at the June Term, 1941, in the amount of $8,520 and costs of $22.75. The further allegation is made that at the time the youngest child reached the age of twenty-one years the sum of $10,320 together with interest thereon was due. This latter sum is the amount prayed for. These allegations are judicial admissions that no claim is made for alimony until May of 1932, when the defendant left his family and came to this state.

Nor could the plaintiff claim that the judgment was not satisfied during the years when the family was reunited and the father was supporting the children with her consent. *Gainsburg* v. *Garbarsky*, 157 Wash. 537; *Paille* v. *Paille*, 91 N. H. 249, 253; 27 C. J. S. 1228. See also, *Glaze* v. *Strength*, 186 Ga. 613. Although this last case states that parents cannot modify a final decree so that their child is deprived of the support awarded him, the father was given credit, as the facts are understood, for the sum paid by him under the agreement which attempted such modification.

The plaintiff is entitled to recover the amount sought.

*Case discharged.*

All concurred.