Carroll,
No. 6172.

BEVERLY R. DAMON *v.* STEPHEN F. DAMON.

April 30, 1971.

*Frederic L. Cox* ( by brief and orally ) for the libelant.

*Robert D. Branch* ( by brief and orally ) for the libelee.

GRIFFITH, J. Libelant was divorced from the libelee July 28, 1969. The decree adopted the stipulation of the parties which contained the following provision which is the basis of the present dispute: " 3. Libelee shall pay the libelant toward the support of said minor child, or children, the sum of $50.00 per week, said payments to continue in said amount until such time as the home owned by the parties is sold in accordance with the provision hereafter set forth, following which the question of support shall be reopened. "

The stipulation contained provisions providing for payment of $10,000.00 by the libelant to the libelee upon sale of the house and the remainder of the sale price to be the property of the

libelant. On October 20, 1969 as a result of a hearing before *Amos N. Blandin, Jr.*, Judicial Referee, it was ordered that in lieu of the sale of the house "the libelant may choose to pay the libelee ten thousand dollars within sixty days. . . . "

On June 1, 1970 libelant paid $10,000.00 to the libelee and received a quit claim deed to the property from him. The libelee made no further payments under the support order after June 1, 1970. A petition for contempt was filed by the libelant and after hearing the Trial Court ( *Loughlin,* J. ) found libelee in contempt, determined the arrearage as of August 8, 1970 to be in the a-mount of $500, and ordered that amount paid on or before August 31, 1970. Libelee's exception was reserved and transferred by the trial court.

No record was made of the contempt hearing and the only question before us is whether the trial court could properly find the libelee in contempt for stopping support payments after receipt of the June 1st payment from the libelant.

Unlike orders for alimony and support of a wife under RSA 458:19 which terminate at the end of three years, it is well settled in this jurisdiction that orders for support of children under RSA 458:17 in domestic relation proceedings are not repealed by im-plication and continue in effect until modified by judicial action. *Benjamin* v. *Benjamin*, 99 N.H. 117, 106 A.2d 187 ( 1954 ). Unless the decree for support expressly provides for the cessation of payments its force continues until it is modified. *Duperre* v. *Duperre*, 104 N.H. 109, 179 A.2d 460 ( 1962 ).

The trial court in this case correctly interpreted the stipulation as providing for continuance of payments until the order was modified. It did not expressly provide that payments should cease upon sale of the house. Instead the provision clearly stated that they were to continue in the "amount" of $50.00 per week until that event at which time the "question of support shall be reopened. "

*Exception overruled; remanded.*

All concurred.