Rockingham
No. 7712

MURIEL MCCRADY

v.

JOHN E. MAHON

October 17, 1977

*Sanders & McDermott* and *Patricia McKee,* of Hampton (*Ms. McKee* by brief) for the plaintiff.

John E. Mahon, pro se, of Saugus, Massachusetts, by brief, for the defendant.

PER CURIAM. The plaintiff brought a petition for contempt against the defendant and to recover arrearages allegedly due for his failure to make child support payments in the sum of $3,803.00. After a hearing, the court found the defendant was not in contempt and cancelled the arrearages. The plaintiff appealed this decision. *Mullavey,* J., transferred the case.

No findings or rulings were requested or made, nor was there any transcript. Thus the sufficiency of the evidence to support the court's decree cannot be raised and the only question before us

is whether errors of law appear in the record. *Blethen v. Lawrence,* 116 N.H. 840, 376 A.2d 884 (1976); *Thayer v. Tax Commission,* 113 N.H. 113, 302 A.2d 824 (1973).

■ The plaintiff argues that child support payments past due are vested property rights and as such cannot be modified or vacated. We agree and hold that the trial court was in error insofar as its decree cancelled the arrearage.

"Although a court may set aside accrued instalments of alimony for fraud, past-due instalments of alimony, while not amounting to judgment for the amount due until reduced to judgment after accrual, are nevertheless generally regarded as vested to the extent that it is beyond the power of the court making the award to modify or change them after they are due. A similar rule is recognized with respect to past-due instalments of child support." 2A Nelson, Divorce and Annulment § 17.05 (1961 rev. ed.) (footnotes omitted).

■ Of course, the trial court may withhold use of the coercive power of civil contempt proceedings if the contemnor has no present ability to make payments on the arrearage. "Reduction of accrued installments is generally not permitted, although if the hardship to the husband is particularly severe, the court will find some device to protect him." H. Clark, Domestic Relations § 15.2, at 499 (1968) (footnotes omitted).

■ Nothing herein is to be interpreted as abolishing our long established rule that the trial court generally retains jurisdiction over marital matters and in its discretion may modify or vacate such orders as they apply prospectively. *Peterson v. Buxton,* 108 N.H. 77, 227 A.2d 779 (1967); *Perrault v. Cook,* 114 N.H. 440, 322 A.2d 610 (1974).

*Exceptions sustained in part.*