Rockingham
No. 78-252

MURIEL McCRADY

v.

JOHN E. MAHON

April 13, 1979

*Sanders & McDermott*, of Hampton (*Ann C. Smith* orally), for the plaintiff.

*John E. Mahon*, by brief, pro se.

PER CURIAM. The issue before us in this case is whether it was proper for the trial court to allow defendant a credit on his child-support order for voluntary payments made directly to his children.

In the predecessor to the present case, *McCrady v. Mahon*, 117 N.H. 762, 378 A.2d 1143 (1977), we held that accrued arrearages for child support could not be cancelled. Thereafter, a Master (*Nicholas G. Copadis*, Esq.) found that it would be inequitable not to credit the defendant with $3,687 for support payments he had paid directly to the children rather than through the State probation department as ordered. The trial court approved the master's recommendation and

entered a decree applying the $3,687 credit against the total arrearage, thus leaving only $113 in accumulated arrearages to be paid by the defendant. The plaintiff's exceptions were transferred by *Mullavey*, J.

Prior to our decision in the original case of *McCrady v. Mahon*, the trial court, after a hearing at which no transcript was prepared, had found that the defendant was not in contempt and cancelled the alleged arrearages. The trial court gave no reasons for the cancellation, but we infer that the controlling factor was the direct payments to the children. The finding that the defendant was not in contempt indicates a finding by the trial court that the defendant was justified in the circumstances of the case in making payments directly to the children instead of to the plaintiff through the probation department. Nevertheless, we held that past-due payments had become vested and could not be cancelled.

When the case went back for trial, another hearing was held before a master to determine the amount of arrearage due. There is no transcript of the testimony at that hearing, and we therefore cannot determine the basis for the finding that the payments directly to the children should be credited to the defendant.

■ The prevailing view and the one we adopt is that no support credit should be allowed for payments made directly to the children except under special circumstances where equitable considerations warrant such an allowance. *Briggs v. Briggs*, 178 Or. 193, 165 P.2d 772 (1946); *see* Annot., 47 A.L.R.3d 1031 (1973). The rationale is that support payments are for the basic needs of the children and are to be spent within the discretion of the custodial parent whereas payments direct to the children frequently are used for other purposes.

The exceptions to the general rule vary according to the facts of each case. An exception is made when there are compelling circumstances which make necessary direct payments to the children, as for example, when the custodial parent is not providing necessities. *See Jackson v. Jackson*, 306 Ky. 715, 209 S.W.2d 79 (1948); *Goodson v. Goodson*, 32 N.C. App. 76, 231 S.E.2d 178 (1977). Another exception is made when the custodial parent consents to the direct payment of necessary support. *See Briggs v. Briggs*, 178 Or. 193, 165 P.2d 772 (1946).

■■ In the case now before us, two different fact finders have come to the conclusion that the defendant should not be required to pay to the plaintiff the amounts he has paid directly to the children. In neither instance is there a transcript of the testimony. The sufficiency of the evidence to support the master's findings after remand cannot be raised "and the only question before us is whether errors of law

appear in the record." *McCrady v. Mahon,* 117 N.H. 762, 378 A.2d 1143 (1977). Because legally there are equitable circumstances which would justify giving credit to payments made directly to the children, we cannot say that the trial court erred as a matter of law, because such circumstances appear to have been found as a fact to exist in this case.

The defendant in his pro se brief states that plaintiff had failed to provide necessities to the children although she had sufficient funds to do so, that she never complained to the probation department from 1971 to 1975 regarding the lack of payments to her, that at least one of the children was removed from the plaintiff's home and set up a residence in Florida, and that defendant being required to furnish necessities to his children by the law of his domicile (Massachusetts) did so when he found them in need while in plaintiff's custody.

We have no way of knowing what other circumstances may have existed which would have justified the defendant in making direct payment, but we do have the master's finding "that it would be inequitable not to credit him with those payments even though not made through the New Hampshire Probation Department."

Without a transcript of the evidence, we cannot say that the master's finding is unsupported or that the circumstances, whatever they are, do not bring the direct payments within one of the recognized exceptions we would recognize to the general rule that such direct payment may not be credited toward compliance with the court order.

*Exceptions overruled.*