Merrimack
No. 80-086

ANTOINETTE (AVERY) GRIFFIN

v.

ROBERT S. AVERY *& a.*

December 3, 1980

*Hall, Morse, Gallagher & Anderson,* of Concord (*G. Wells Anderson* orally), for the plaintiff.

*Dunn & Hilliard,* of Concord (*Russell F. Hilliard* orally), for the defendant.

DOUGLAS, J. The central issue in this case is whether past-due installments of child support ordered by a superior court in a divorce decree are "judgments" within the meaning of the statute of limitations, RSA 508:5. We hold that they are not.

In the 1966 decree of divorce of the parties, the Merrimack County Superior Court ordered the defendant, Robert Avery, to pay $25 a week in child support to the plaintiff, Antoinette Avery Griffin. The defendant never complied but, because he became disabled in August 1970, social security benefits in amounts less than his support obligation were paid to the plaintiff for the benefit of the children. None of the children has lived with the plaintiff since May 1, 1978.

On May 26, 1978, the plaintiff brought an action in the Merrimack County Superior Court to recover the unpaid installments of child support from the defendant. The parties submitted stipulated facts and four questions of law to the master for his decision. The Master (*Robert A. Carignan,* Esq.) ruled on the questions as follows: (1) the twenty-year statute of limitations pertaining to judgments, RSA 508:5, governed the plaintiff's cause of action; (2) the social security payments made to the plaintiff were credits toward the defendant's support obligation; (3) the defendant's support obligation did not terminate automatically when all the children moved out of the plaintiff's home; and (4) the plaintiff was entitled to judgment interest on the past-due installments of child support from the date each became due. The Superior Court (*Cann,* J.) approved the master's rulings. The defendant appeals all the rulings except that pertaining to credit for social security payments; the plaintiff has cross-appealed that ruling.

In *McCrady v. Mahon* we held that past-due child support payments "are vested property rights and as such cannot be modified or vacated." 117 N.H. 762, 763, 378 A.2d 1143, 1143 (1977). The plaintiff argues that because support arrearages are unmodifiable they are "judgments" within the meaning of RSA 508:5. In support of her argument, she cites *Cowles v. Cowles,* 80 N.H. 530, 120 A. 76 (1923), and *Moore v. Moore,* 96 N.H. 130, 71 A.2d 409 (1950). Those decisions are not controlling, however, because they dealt with the issue of recognition of a foreign child

support decree. To be considered a "judgment" for purposes of the full faith and credit clause of the United States Constitution, child support arrearages need only be unmodifiable in the State where the decree is entered. *Sistare v. Sistare*, 218 U.S. 1, 16–17 (1910); *Moore v. Moore, supra* at 131–32, 71 A.2d at 411. Greater finality is required before past-due installments of child support may be considered "judgments" for the purposes of the statute of limitations. *Brun v. Rembert*, 227 Ark. 241, 245, 297 S.W.2d 940, 943 (1957). *But see, e.g., Hauck v. Schuck*, 143 Colo. 324, 353 P.2d 79 (1960); *Seeley v. Park*, 532 P.2d 684 (Utah 1975).

Our opinion in *McCrady* made it clear that past-due installments of child support are not "judgments" for the amount due until they are reduced to final judgment by a court. *McCrady v. Mahon, supra* at 763, 378 A.2d at 1144. The reason for that distinction is illustrated by the successor decision to *McCrady* in which we affirmed a trial court allowance of credit toward the defendant's child support arrearages for the amounts he paid directly to his children. *McCrady v. Mahon*, 119 N.H. 247, 400 A.2d 1173 (1979). A court cannot determine the final sum owed by a defendant until it has considered all the facts, including the amount of any credits. In this respect, a decree of child support is like a note providing for payment of a debt in installments. *See Brun v. Rembert, supra* at 244, 297 S.W.2d at 942. As each installment becomes due the payee has a vested right in the debt but that does not relieve him of the necessity to sue on the note and allow a court to determine the rights of the parties if the payor defaults. *See id.*

Because child support arrearages are not "judgments" within the meaning of RSA 508:5, the master erred in applying that twenty-year statute of limitations to the plaintiff's cause of action. The correct statute to be applied is RSA 508:4 (Supp. 1979), which states that "all other personal actions" must be brought "within six years after the cause of action accrued. . . ." Accordingly, the plaintiff may recover that amount of child support that became due between May 25, 1972, and May 25, 1978.

Our holding that each installment of child support does not become a judgment when it falls due dictates a finding that the plaintiff is not automatically entitled to interest on arrearages. Which interest statute applies to such cases is a question we need not decide because neither the plaintiff nor the New Hampshire Department of Probation demanded payment from the defendant within the six-year period covered by the statute of limitations.

Under either RSA 524:1-a or RSA 524:1-b, the plaintiff is entitled to interest only from the date she instituted her cause of action.

■ ■ The master was not in error in ruling that the defendant's support obligation did not terminate automatically when all the children moved out of the plaintiff's home. In this State the law is well established that a decree continues in force until it is judicially modified, unless the original decree provides for earlier cessation of payments, *Damon v. Damon*, 111 N.H. 162, 163, 276 A.2d 920, 921 (1971); *Duperre v. Duperre*, 104 N.H. 109, 110, 179 A.2d 460, 461 (1962), such as an express provision for termination of payments when the youngest child becomes eighteen years old. If the defendant thought that the fact that his children were no longer living with the plaintiff constituted a substantial change in circumstances since the time of the support decree he had a right to petition for modification of the order under RSA 458:32. *Culhane v. Culhane*, 119 N.H. 389, 394, 402 A.2d 490, 493 (1979); *McRae v. McRae*, 115 N.H. 353, 354, 341 A.2d 762, 763 (1975). He had no right to determine on his own that support payments need not be made.

■ There also was no error in the master's allowance of credit toward the defendant's overdue support obligation for social security payments made to the plaintiff. As the plaintiff correctly points out, two courts have refused to allow credit toward child support arrearages for social security payments. *Fowler v. Fowler*, 156 Conn. 569, 244 A.2d 375 (1968); *Chase v. Chase*, 74 Wash. 2d 253, 444 P.2d 145 (1968). But both courts decided those cases on the ground that the trial court had not abused its discretion in refusing to allow credit, and both courts noted that they did not decide as a matter of law that a trial court can never allow credit for such payments. *Fowler v. Fowler, supra* at 574, 244 A.2d at 377; *Chase v. Chase, supra* at 259, 444 P.2d at 149. *No* court has ever so found. *See* Annot., 77 A.L.R.3d 1315, 1328–33 (1977).

■ The reasons for allowing a trial court discretion to allow credit are that social security disability payments are a substitute for the defendant's earnings, *Chase v. Chase, supra* at 259, 444 P.2d at 149, and that social security benefits are earned in part by the recipient and are not gratuities from the federal government. *Fowler v. Fowler, supra* at 574, 244 A.2d at 377. The law in this State is that, although child support obligations are not subject to retroactive modification, *McCrady v. Mahon*, 117 N.H. at 763, 378 A.2d at 1143–44, a trial court has discretion to allow credit toward

arrearages under certain circumstances. *See McCrady v. Mahon,* 119 at 248–49, 400 A.2d at 1174. Because social security payments are earned by the defendant, they may properly be credited toward overdue installments of child support.

Although the fact that the defendant never made any effort to comply with the support decree may justify a trial court's refusal to allow credit for social security payments, *see, e.g., Fowler v. Fowler, supra; Fuller v. Fuller,* 49 Ohio App. 2d 223, 360 N.E.2d 357 (1976), we cannot say that the master abused his discretion in allowing credit in this case. The plaintiff never personally made a demand for payment, and the New Hampshire Department of Probation placed the case in its inactive file shortly after the plaintiff began receiving the social security payments, indicating that that amount, together with welfare payments, provided enough support for the children so that it was not worthwhile to pursue the matter.

*Affirmed in part; reversed in part; remanded.*

All concurred.