Hillsborough-northern judicial district
No. 2008-130

IN THE MATTER OF MONIQUE D. AUBE AND RAYMOND N. AUBE

Argued: October 16, 2008
Opinion Issued: April 3, 2009

*Harvey & Mahoney, P.A.*, of Manchester (*J. Campbell Harvey* on the brief and orally), for the petitioner.

*Wadleigh, Starr & Peters, P.L.L.C.*, of Manchester (*Richard Thorner* and *Gregory M. Sargent* on the brief, and *Mr. Thorner* orally), for the respondent.

DALIANIS, J. In this appeal, the respondent, Raymond N. Aube, challenges an order recommended by a Marital Master (*Geiger*, M.) and approved by the Superior Court (*O'Neill*, J.) that required him to pay the petitioner, Monique D. Aube, one-half the value of the survivor benefit that she was to receive under the parties' divorce decree and awarded her statutory post-judgment interest. *See* RSA 336:1 (Supp. 2008); RSA 524:1-a, :1-b (2007); *Nault v. N & L. Dev. Co.*, 146 N.H. 35, 39 (2001). He also contests the trial court's failure to address his motion to reduce alimony. We affirm.

The record supports the following facts. The parties were married in 1960. The respondent is retired and receives a pension from his former employer. While the parties were married, the petitioner's right to survivor benefits under this pension was waived.

The petitioner filed for divorce in 2003. The parties' 2005 final divorce decree divided the respondent's pension equally between them and required them to "name the other party as the survivor beneficiary" of this retirement asset. At the time, neither party remembered the prior waiver of petitioner's right to survivor benefits. The respondent appealed the final decree and, in November 2006, we affirmed it.

In April 2007, the respondent moved for reduction in alimony due to mutual mistake, arguing that the court miscalculated his monthly income when it set the alimony amount. The respondent asserted that his monthly income from his military disability pension was $135.00 less than the amount found by the court. He asked the court to reduce his alimony obligation by one-half of this amount ($67.50) "so that the parties' income remains divided fairly equally between them."

Both parties moved for contempt asserting that the other party was slow in implementing portions of the final decree and/or had taken actions that were inconsistent with the spirit of the decree. In November 2007, the trial court held a hearing on these and other outstanding motions. Although the court found that neither party was in contempt, it ruled that as of the effective date of their decree, November 27, 2006, the respondent owed the

petitioner $276,114.43 as part of their property settlement. The court found that this amount became a judgment and that statutory interest accrued thereafter.

Additionally, by agreement of the parties, the court heard argument relative to the petitioner's survivor benefit. The court was informed that during the marriage, the respondent had elected to have his pension terminate upon his death with no survivor benefit to the petitioner. The court assumed that this was done with the petitioner's consent. The petitioner argued that, pursuant to the parties' divorce decree, she was entitled to an award of $19,400.00 to fund an annuity to compensate her for the lack of death benefits that she would have received under the decree but for the respondent's prior elections. The trial court agreed that the decree entitled her to the value of the survivor benefit. The court ruled that, in light of the facts that both parties must have agreed to the waiver of the petitioner's survivor benefit and that this waiver benefited them both during and after the marriage because it allowed the respondent to receive a higher pension benefit, each party would be responsible for half the value of the survivor benefit. With respect to the respondent's motion for reduced alimony, the court declined to reduce his alimony obligation.

The respondent argues that the trial court erred when it: (1) awarded the petitioner statutory interest; (2) required him to pay the petitioner one-half the value of the survivor benefit to which she was entitled under the divorce decree; and (3) declined to address the issue raised by his motion to reduce alimony. We address each argument in turn.

In divorce proceedings, we will sustain the findings and rulings of the trial court unless they are lacking in evidential support or are tainted by error of law. *In the Matter of Letendre & Letendre*, 149 N.H. 31, 34 (2002).

## I. Statutory Post-Judgment Interest Award

The respondent first contends that awarding the petitioner statutory post-judgment interest was error under *In the Matter of Nyhan and Nyhan*, 147 N.H. 768, 771 (2002). In *Nyhan*, the husband appealed the trial court's rulings upon various post-trial motions. *Nyhan*, 147 N.H. at 768-69. As a result of one such motion, the trial court amended the parties' property settlement to award the wife statutory interest on certain assets pursuant to RSA 336:1 "[b]ecause of the court delay in ruling upon the [husband's] motion for reconsideration" of the parties' final divorce decree. *Id.* at 769. The trial court's stated purpose was to "compensate the [wife] for the unexpected delay in the distribution of the marital property due to post-divorce decree motions and the potential for further delay due to appellate review." *Id.* at 769-70. The husband challenged this interest award. *Id.* at 769.

■ We ruled that awarding the wife statutory interest was error because any increase in the value of a marital asset because of its time value was itself a marital asset subject to equitable distribution under RSA 458:16-a (2004). *Id.* at 771. The danger, we observed, was that "[i]f the time value of money is unaccounted for, an otherwise equitable distribution of an asset may be rendered inequitable due to a delayed payment over a significant amount of time." *Id.* We, therefore, recognized that trial courts have the inherent discretion to take the time value of money into account when equitably dividing assets under RSA 458:16-a. *Id.* They can do this by providing for interest during the delay or by dividing the award on a percentage basis as of the date payment is tendered. *Id.* A trial court faced with such a situation may amend the property distribution to account for the time value of money due to delay. *Id.* at 772. A trial court may not, however, apply statutory interest under RSA 336:1 because this kind of interest is imposed without considering the equities involved. *Id.* at 771-72. "As the actual increase of a marital asset due to its time value is, itself, an asset subject to equitable distribution, any award of interest must comply with RSA 458:16-a." *Id.* at 771. Thus, we vacated the trial court's award of interest, and remanded for an evidentiary hearing to determine whether imposing interest would be warranted and, if so, what would be a fair rate "to achieve an equitable distribution of the marital assets." *Id.* at 772.

*Nyhan* is distinguishable from the instant case. At issue in *Nyhan* was an award of *pre-judgment interest*, whereas here, the award at issue is of *post-judgment interest*. Whereas the property division in *Nyhan* was not yet final because the appeal process had not been completed when the trial court awarded the wife interest, the property distribution here became final in 2006, a year before the trial court awarded the petitioner interest. The threshold question before us, therefore, is whether a property division that has become final is a "judgment" to which statutory post-judgment interest may apply. We conclude that it is.

This is an issue of first impression. The majority of courts in other jurisdictions that have considered this issue have concluded that money judgments enrolled as a result of an equitable distribution award are judgments for the purpose of awarding statutory post-judgment interest. *See Swope v. Swope*, 834 P.2d 298, 303-04 (Idaho 1992) (wife entitled to statutory interest on income earned by bond awarded to her in original decree; cash payment was money due on a judgment); *In re Marriage of Carrier*, 773 N.E.2d 657, 659, 663-64 (Ill. App. Ct.) (trial court did not improperly exercise discretion to award wife post-judgment interest on amount divorce decree entitled her to receive from husband's individual retirement account), *appeal denied*, 787 N.E.2d 155 (Ill. 2002); *Hoskins v. Hoskins*, 15 S.W.3d 733, 735 (Ky. Ct. App. 2000) (provision in property

settlement and divorce decree requiring husband to pay wife $7,500 within three years from date of agreement became enforceable judgment when payment became delinquent, entitling wife to statutory post-judgment interest from date of original decree unless trial court determines that such an award would be inequitable); *Coutant v. Coutant*, 587 A.2d 1125, 1132-33 (Md. Ct. Spec. App. 1991) (counsel fee reduced to monetary judgment in 1985 divorce decree was a judgment for the purposes of statutory post-judgment interest); *Karellas v. Karellas*, 766 N.E.2d 102, 103-05 (Mass. App. Ct.) (1996 divorce decree ordering husband to pay wife $100,000 was a judgment for the payment of money, which bore interest from the date of its entry until it was paid in full), *review denied*, 772 N.E.2d 588 (Mass. 2002); *Riley v. Riley*, 385 N.W.2d 883, 888 (Minn. Ct. App. 1986) (wife entitled to statutory post-judgment interest on sum husband was required to pay her under divorce decree where he did not pay her until one year after decree became final); *In re Marriage of Gibson*, 671 P.2d 629, 630, 632-33 (Mont. 1983) (wife entitled to statutory post-judgment interest on lump sum cash payment husband was obligated to pay her under divorce decree); *Gallner v. Gallner*, 595 N.W.2d 904, 906, 907-09 (Neb. 1999) (husband owed wife statutory post-judgment interest dating back to original 1994 decree where decree required him to pay her a lump sum, which appellate court increased in 1996 following wife's appeal); *Dick v. Dick*, 434 N.W.2d 557 (N.D. 1989) (statutory post-judgment interest applied to lump sum cash payment required under divorce decree); *Lipsky v. Lipsky*, 715 N.Y.S.2d 427, 429-30 (App. Div. 2000) (trial court providently exercised its discretion in awarding statutory post-judgment interest on lump sum husband was required to pay wife); *Rizzen v. Spaman*, 665 N.E.2d 283, 293 (Ohio Ct. App. 1995) (post-judgment interest statute applies to obligations arising out of divorce decrees), *discretionary appeal not allowed*, 659 N.E.2d 1286 (Ohio 1996); *Casey v. Casey*, 428 S.E.2d 714, 715 (S.C. 1993) (trial court erred when it determined that statutory post-judgment interest did not apply to equitable distribution money awards); *Martin v. Martin*, No. W2008-00015-COA-R3-CV, 2009 WL 454009, at *11 (Tenn. Ct. App. Feb. 24, 2009) (cash awards in divorce cases are money judgments subject to statutory rate of post-judgment interest); *Shakelford v. Shakelford*, 571 S.E.2d 917, 922 (Va. Ct. App. 2002) (statute regarding post-judgment interest applies to monetary awards in divorce cases, however statute itself states that judgment shall provide for such interest unless court orders otherwise and here court ordered otherwise); *Summers v. Summers*, 465 S.E.2d 224, 228-29 (W. Va. 1995) (post-judgment interest on lump sum award under divorce decree should be awarded unless special hardship proven); 24 AM. JUR. 2D *Divorce and Separation* § 532, at

736 (2008) (noting that spouse to whom cash is awarded in property division or settlement "is entitled to interest at the statutory rate until the payment is made").

■ Courts in other jurisdictions have reasoned that a final property division is a "judgment" to which statutory post-judgment interest applies because there is "no reason to distinguish an award of money in a dissolution action from judgments for the recovery of money in other types of cases." *Riley*, 385 N.W.2d at 888; *see Casey*, 428 S.E.2d at 716. As one court has explained:

> Clearly, the wife was deprived of the use of the money owed to her and the husband benefited from retaining the money for his own purposes, just as with any other money judgment where one party fails to satisfy a judgment owed to another. An amount of money determined to represent an equitable division in 1983 would not constitute the same division if payable in 1988 and, therefore, would no longer be equitable without the imposition of post-judgment interest to compensate for the decrease in value of the award. Moreover, allowing the enforcing court to reduce the amount of interest which would normally accrue on the judgment would effectively be a modification of the equitable distribution award which is not permitted. The running of post-judgment interest further encourages judgment debtors to pay judgments promptly. We can discern no reason to remove this incentive for domestic judgment debtors.

*Casey*, 428 S.E.2d at 716 (citation omitted). We find this reasoning persuasive and hold that a property division set forth in a divorce decree that has proceeded to final judgment is a "judgment" subject to statutory post-judgment interest.

To support his assertion that the final decree here was not a "judgment" for the purposes of statutory post-judgment interest, the respondent mistakenly relies upon *Griffin v. Avery*, 120 N.H. 783, 785-86 (1980), and *McCrady v. Mahon*, 117 N.H. 762, 763 (1977). In *Griffin*, the issue was whether past-due child support installments were "judgments" within the meaning of RSA 508:5 (1997). *Griffin*, 120 N.H. at 785. We concluded that they were not "judgments" until they were reduced to final judgment by a court. *Id.* at 786. Because they were not "judgments" within the meaning of RSA 508:5, we held that the trial court erred by applying the statute of limitations for judgments to the mother's cause of action against the father to recover unpaid child support installments. *Id.* Having concluded that each installment of child support did not become a judgment when it fell due, we held that the mother was not automatically entitled to interest on

the arrearages. *Id.* In *McCrady*, 117 N.H. at 763, we observed, in dicta, that past-due installments of alimony and child support did not amount to judgments until reduced to judgment after accrual.

*Griffin* and *McCrady* are no longer good law, however, as they were decided before the legislature enacted RSA 458:17, VII (2004) (repealed and reenacted as RSA 461-A:14, VI (Supp. 2008)), under which "[a]ll support payments ordered or administered by the court under this chapter shall be deemed judgments when due and payable." *See In the Matter of Giacomini & Giacomini*, 151 N.H. 775, 777 (2005). Moreover, the instant matter involves a lump sum payment, not installment payments. We express no opinion as to whether a past-due installment owed under a final property distribution becomes a judgment when due and payable. *See* Annotation, *Divorce and Separation: Award of Interest on Deferred Installment Payments of Marital Asset Distribution*, 10 A.L.R.5TH 191 (1993); *Cline v. Cline*, 90 P.3d 147, 156 (Alaska 2004) (past due installment required under property division became judgment when due and payable upon which post-judgment interest must be imposed); *accord Morgan v. Morgan*, 445 So. 2d 297, 299 (Ala. Civ. App. 1983), *cert. denied*, 445 So. 2d 300 (Ala. 1984). *But see de la Garza v. de la Garza*, 185 S.W.3d 924, 930 (Tex. Ct. App. 2006) (past due installment did not become judgment upon which interest could be imposed until wife sought to have portion of decree requiring husband to pay her $10,000 in three installments reduced to a judgment).

Although courts in other jurisdictions disagree as to whether awards of statutory post-judgment interest in divorce cases are mandatory or discretionary, *compare Martin*, 2009 WL 454009, at *11 (statutory interest on money judgments, including those resulting from divorce decrees, is mandatory), *with Hoskins*, 15 S.W.3d at 735 (wife entitled to statutory post-judgment interest unless award would be inequitable), we need not decide this issue because neither party argues that such awards are mandatory. Both parties agree that awarding post-judgment interest in a divorce case rests within the sound discretion of the court, and we will so assume for the purposes of this appeal. *But see Giacomini*, 151 N.H. at 777; *Starr v. Governor*, 151 N.H. 608, 610-11 (2004).

The respondent contends that the trial court unsustainably exercised its discretion because it was the petitioner who delayed payment of the judgment. But for her refusal to accept partial payment earlier in the year, failure to provide certain documentation and refusal to meet with him, he asserts that payment would not have been delayed. Although there was conflicting evidence, we defer to the trial court's judgment on such issues as resolving conflicts in the testimony, measuring the credibility of witnesses, and determining the weight to be given evidence. *Cook v. Sullivan*, 149

N.H. 774, 780 (2003). The fact finder may accept or reject, in whole or in part, the testimony of any witness or party, and is not required to believe even uncontroverted evidence. *Brent v. Paquette*, 132 N.H. 415, 418 (1989). The trial court was not compelled on the record before it to find that the petitioner was responsible for the respondent's failure to pay the judgment.

To the extent that the respondent contends that the post-judgment interest award was inequitable, we disagree. Here, for more than a year, the respondent deprived the petitioner of $276,114.43 awarded her by the trial court in the divorce decree. We cannot say as a matter of law that awarding the petitioner statutory post-judgment interest on this sum was inequitable.

*II. Modification of Property Distribution*

The respondent next argues that the trial court erred when it required him to pay the petitioner one-half the value of the survivor benefit to which she was entitled under the divorce decree. He contends that by so doing, the trial court modified the parties' property settlement absent the requisite finding of fraud, undue influence, deceit, misrepresentation or mutual mistake. *Sommers v. Sommers*, 143 N.H. 686, 689 (1999). The petitioner agrees that the trial court modified the parties' property settlement, but contends that it did so based upon an implied finding of mutual mistake.

Because the parties do not argue otherwise, we assume, without deciding, that the trial court modified the property distribution. We review the trial court's decision to modify a property division under our unsustainable exercise of discretion standard. *See Bonneville v. Bonneville*, 142 N.H. 435, 437-38 (1997); *cf. State v. Lambert*, 147 N.H. 295, 296 (2001) (explaining unsustainable exercise of discretion standard). We will uphold the trial court's decision unless the record does not support it or it is tainted by error of law. *See Bonneville*, 142 N.H. at 437; *cf. Lambert*, 147 N.H. at 296.

We find no error in the trial court's failure to make an explicit finding of mutual mistake. "We must assume that the trial court made subsidiary findings necessary to support its general ruling." *In the Matter of Kosek & Kosek*, 151 N.H. 722, 725 (2005).

The respondent implies that even if the trial court found "mutual mistake," it was insufficient to justify modifying the parties' decree. He does not, however, explain why the mistake at issue was insufficient and we decline to speculate how it might be insufficient. We conclude that the respondent has not developed this argument sufficiently to warrant our review. *See In the Matter of Salesky & Salesky*, 157 N.H. 698, 709 (2008).

Alternatively, the respondent asserts that obligating him to pay one-half the value of the survivor benefit was inequitable. We cannot conclude that requiring each party to be responsible for one-half of the value of the petitioner's survivor benefit was inequitable as a matter of law. Accordingly, we uphold the trial court's decision to require the respondent to pay one-half the value of the survivor benefit to which the divorce decree entitled the petitioner.

*III. Motion for Reduced Alimony*

Finally, the respondent argues that the trial court erred because it declined to consider the specific issue he raised in his motion for reduced alimony. The record submitted on appeal does not support this assertion.

In its narrative order, the trial court discussed a different issue from that which the respondent raised in his motion for reduced alimony. The trial court discussed whether the respondent's alimony obligation should be reduced because it would cost him $37.00 per month to pay for a survivor benefit for the petitioner under his military pension. By contrast, the issue in the respondent's motion concerned whether his alimony obligation should be reduced to reflect the fact that his veteran's disability benefit is $135.00 less per month than the court had found. The respondent brought this to the trial court's attention in his motion for reconsideration, which the trial court denied. Based upon this record, we cannot conclude that the trial court overlooked the issue he raised in his motion for reduced alimony and reiterated in his motion to reconsider.

*Affirmed.*

BRODERICK, C.J., and DUGGAN and HICKS, JJ., concurred.