# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2015-0229, <u>MTS Associates, LLC & a. v. L-Town Garage, LLC</u>, the court on January 11, 2016, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case.  <u>See</u> <u>Sup. Ct. R.</u> 18(1).  We affirm.

The defendant, L-Town Garage, LLC, appeals the order of the Circuit Court (<u>Sadler</u>, J.), following a bench trial, issuing a writ of possession to the plaintiffs, MTS Associates, LLC and MTS Auto Sales, LLC, in an eviction action.  The defendant argues that the trial court erred in failing to find that:  (1) the parties entered into a prepaid rent agreement; and (2) the doctrine of laches bars the plaintiffs' claim for past due rent.

The record shows that the parties entered into a one-year, renewable lease commencing June 1, 2013.  Monthly rent of $1,500 was due on the first of the month.  The defendant first argues that the trial court erred in finding that there was no agreement between the parties, when they entered into the lease, that the plaintiffs owed the defendant $13,500, which was to be credited toward the rent.  Disputed questions of fact as to the existence and terms of a contract are for the trier of fact to resolve, whose findings and conclusions we will uphold unless they are unsupported by the evidence or legally erroneous.  <u>Syncom Indus. v. Wood</u>, 155 N.H. 73, 82 (2007).

The defendant asserts that several days before the parties signed the lease, they orally agreed that the plaintiffs owed the defendant $13,500, which would be credited toward the defendant's rent.  In rejecting the defendant's claim, the trial court relied in part upon the absence of any notation in the lease that the tenant had prepaid rent in any amount.  The court also relied upon the defendant's failure to raise prepayment as a defense immediately upon receipt of the plaintiffs' demand for rent and notice to quit, and upon the absence of documentation evidencing such an agreement.

The defendant argues that the court placed too much weight on the written lease, given the fact that the plaintiffs' principal drafted it and his admission that it contained errors.  The defendant also argues that the trial court placed too much weight on the testimony of the plaintiffs' principal and too little weight on the testimony of the defendant's principals.  We defer to a trial court's judgment on such issues as resolving conflicts in testimony,

measuring the credibility of witnesses, and determining the weight to be given evidence.  In the Matter of Aube & Aube, 158 N.H. 459, 465 (2009).  We will affirm the trial court's findings if a reasonable person could have made them based upon the evidence presented.  Cook v. Sullivan, 149 N.H. 774, 780 (2003).  Based upon this record, we conclude that a reasonable person could have found that the parties did not enter into an agreement to credit an obligation of the plaintiffs against the defendant's rent.  See id.

The defendant next argues that the trial court erred in concluding that the doctrine of laches did not bar the plaintiffs' claim.  "Laches is an equitable doctrine that bars litigation when a potential plaintiff has slept on his rights." Village Green Condo. Ass'n v. Hodges, 167 N.H. 497, 505 (2015) (quotation omitted).  "Latches, unlike limitation, is not a mere matter of time, but is principally a question of the inequity of permitting the claim to be enforced – an inequity founded on some change in the conditions or relations of the parties involved."  Id. (quotation omitted).  "Because it is an equitable doctrine, laches will constitute a bar to suit only if the delay was unreasonable and prejudicial." Id. (quotation omitted).  The trial court has broad discretion in deciding whether the circumstances justify the application of laches.  Id.  We will not overturn its decision unless it is unsupported by the evidence or erroneous as a matter of law.  The party asserting laches has the burden of proving both that the delay was unreasonable and that prejudice resulted from the delay.  Id.

We assume, without deciding, that the circuit court had jurisdiction to consider an equitable defense.  The plaintiffs' principal testified that during the first five months of the lease, he did not demand rent when it became due, and did not demand payment in full until July 2014, because he knew that the defendant was renovating the premises.  He explained that he was seeking to build a long-term relationship with the defendant and its principal and "was trying to give them a little leeway."  The defendant does not assert that it had insufficient funds to pay the rent because of any change in its financial position caused by the delay.  The trial court concluded that the plaintiffs' delay was not unreasonable or prejudicial to the defendant.  Based upon this record, we conclude that the evidence supports the court's decision.  See id.

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,
Clerk**

2