# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2015-0727, <u>Nicole Gulleson v. Hector Cote, Jr.</u>, the court on June 23, 2016, issued the following order:**

Having considered the brief and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm in part, vacate in part, and remand.

The defendant, Hector Cote, Jr., appeals an order of the Circuit Court (<u>Cyr</u>, R., approved by <u>Kelly</u>, J.) granting a domestic violence final order of protection to the plaintiff, Nicole Gulleson. <u>See</u> RSA 173-B:5 (Supp. 2015). We construe his brief to argue that: (1) the evidence was insufficient to support the protective order; and (2) the court erred to the extent that it required him to vacate his apartment.

We review sufficiency of the evidence claims as a matter of law and uphold the findings and rulings of the trial court unless they are lacking in evidentiary support or legally erroneous. <u>Achille v. Achille</u>, 167 N.H. 706, 715 (2015). We accord considerable weight to the trial court's judgments on the credibility of witnesses and the weight to be given testimony. <u>Id</u>. at 715-16. We view the evidence in the light most favorable to the prevailing party – in this case, the plaintiff. <u>See</u> <u>id</u>. at 716.

To obtain relief under RSA chapter 173-B, the plaintiff must show "abuse" by a preponderance of the evidence. <u>Id</u>.; <u>see</u> RSA 173-B:5, I (Supp. 2015). "Abuse" is defined in RSA 173-B:1 to include the commission or attempted commission of one or more of several enumerated criminal acts constituting a credible present threat to the plaintiff's safety. <u>See</u> 173-B:1, I (Supp. 2015); <u>Achille</u>, 167 N.H. at 716.

The trial court found that the defendant committed acts of "abuse" by interfering with the plaintiff's freedom, as defined in RSA 633:1 through RSA 633:3-a, and by engaging in unauthorized entry, as defined in RSA 635:1 and RSA 635:2. Specifically, the court found that the defendant entered the plaintiff's apartment without her consent on several occasions. On one occasion, he broke a screen and entered the apartment through a window. The court also found that the defendant repeatedly stationed himself outside the entry to the plaintiff's apartment, where she must confront him on entering or leaving.

The plaintiff testified that the defendant routinely enters her apartment without knocking and without her consent. The defendant admitted that, at a

prior hearing, he testified that he sneaked into the plaintiff's apartment, ascended her stairway, and allegedly witnessed the plaintiff spanking her child. The plaintiff testified that on one occasion, the defendant broke the screen on her window to gain entry to her apartment when she was not home.

The plaintiff testified that the defendant loiters outside her apartment and yells at her in the presence of friends and neighbors about the man she dates and the persons caring for her daughter. The plaintiff testified that, as a result, she is afraid to leave her apartment.

Although the defendant disputed the plaintiff's testimony, we defer to a trial court's judgment on such issues as resolving conflicts in testimony, measuring the credibility of witnesses, and determining the weight to be given evidence. In the Matter of Aube & Aube, 158 N.H. 459, 465 (2009). We conclude that the evidence is sufficient to support the court's findings. See Achille, 167 N.H. at 715.

The defendant next argues that the court erred to the extent that it required him to vacate his apartment. The defendant asserts that his apartment is located approximately 100 feet from the plaintiff's apartment. The court's order on appeal prohibits the defendant from coming within 300 feet of the plaintiff, but it does not specifically address whether he must vacate his apartment. Accordingly, we vacate the protective order to the extent that the 300-foot buffer implicitly requires the defendant to vacate his apartment, and remand for the trial court to make findings and rulings as to whether such relief is necessary for the plaintiff's protection.

Affirmed in part; vacated in part; and remanded.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**