# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2022-0357, <u>In the Matter of Kyle Norway and Rebecca Shattuck</u>, the court on April 7, 2023, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The respondent, Rebecca Shattuck (Mother), and the petitioner, Kyle Norway (Father), are the unmarried parents of a young child. Mother appeals the final parenting plan issued by the Circuit Court (<u>Rauseo</u>, J.). We affirm.

The trial court has broad discretion in matters involving parenting rights and responsibilities. <u>In the Matter of Miller & Todd</u>, 161 N.H. 630, 640 (2011). Its overriding concern in such matters is the best interest of the child. <u>Id</u>. We will not overturn the trial court's decision on a parenting petition absent an unsustainable exercise of discretion. <u>Id</u>. This standard of review means that we review only whether the record establishes an objective basis sufficient to sustain the discretionary judgment made, and we will not disturb the trial court's determination if it could reasonably have been made. <u>Id</u>. We do not decide whether we would have ruled differently than the trial court, but rather, whether a reasonable person could have reached the same decision as the trial court based upon the same evidence. <u>O'Malley v. Little</u>, 170 N.H. 272, 275 (2017).

In examining the trial court's discretionary decisions, we defer to its judgment on such issues as resolving conflicts in testimony, evaluating witness credibility, and deciding the weight to be accorded evidence. <u>In the Matter of</u> <u>Aube & Aube</u>, 158 N.H. 459, 465 (2009). The trial court is free to accept or reject, in whole or in part, the testimony of any witness, and is not required to believe even uncontested evidence. <u>Id</u>. at 466.

As the appealing party, Mother has the burden of demonstrating reversible error. <u>Gallo v. Traina</u>, 166 N.H. 737, 740 (2014). Based upon our review of the trial court's well-reasoned order, Mother's challenges to it, the

relevant law, and the record submitted on appeal, we conclude that she has not demonstrated reversible error.  See id.

Affirmed.

MacDonald, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**