**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2015-0035, <u>In the Matter of Marion Fitanides and Craig Carlson</u>, the court on September 21, 2015, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The respondent, Craig Carlson (husband), appeals a child support order issued by the Circuit Court (<u>Lemire</u>, J.) in his divorce from the petitioner, Marion Fitanides (wife). <u>See</u> RSA 458-C:3 (Supp. 2014). He contends that: (1) the evidence was insufficient to support the trial court's findings regarding the parties' incomes; and (2) the trial court erred by ordering him to pay half the parties' child's uninsured medical expenses.

We first address the trial court's findings. A trial court has broad discretion in matters concerning child support, and we will not overturn its rulings absent an unsustainable exercise of discretion. <u>In the Matter of Spenard & Spenard</u>, 167 N.H. 1, 3 (2014). This means that we review the record only to determine whether it contains an objective basis to sustain the trial court's discretionary judgments. <u>Id</u>. If the court's findings can reasonably be made on the evidence presented, they will stand. <u>Id</u>.

The husband argues that the trial court erred in calculating the wife's business expenses to be deducted from her self-employment income. Self-employment income includable for the calculation of child support consists of gross receipts less legitimate business expenses. <u>In the Matter of Maves & Moore</u>, 166 N.H. 564, 569 (2014). To be deductible, expenses must not only be actually incurred and paid, but they must also be reasonable and necessary for producing income. <u>Id</u>. It is for the trial judge to determine whether claimed expenses meet these criteria. <u>Id</u>. Consequently, the trial court should scrutinize a self-employed parent's financial situation and exclude as a business expense any expenditure which the court in its discretion finds will personally benefit the parent. <u>Id</u>.

The husband argues that "[t]he trial court . . . made findings regarding the [wife's] self-employment income without closely scrutinizing her situation." Contrary to this argument, the trial court adjusted the wife's income "because her travel expenses are excessive and some of her depreciation deduction is not an actual expense." The trial court examined her travel expenses over several

years and determined a reasonable amount.  It also compared her claimed depreciation to the asset cost and reduced her depreciation expense.

The husband argues that "[t]he trial court's findings regarding the [wife's] income and expenses are not supported by the evidence."  However, the husband merely lists evidence he proffered that contradicts the wife's evidence.  Although there was conflicting evidence, we defer to the trial court's judgment on such issues as resolving conflicts in the testimony, measuring the credibility of witnesses, and determining the weight to be given evidence.  In the Matter of Aube & Aube, 158 N.H. 459, 465 (2009).  After reviewing the record, we conclude that it contains an objective basis upon which to sustain the trial court's discretionary judgments regarding the wife's income and business expenses.  See Spenard, 167 N.H. at 3.

The husband argues that "the trial court used a much higher income for [him] in its child support calculations than what [he] actually earns."  He contends that the trial court "did not know what certain entries meant on [his] earnings statement but it nevertheless included those items in his gross income."  Based upon the husband's pay statements, the trial court found that his 2014 income "included earnings in several categories, including:  'Retro,' 'Vac,' 'Holiday,' 'Persnl,' 'Incent,' 'Safety,' 'Bonus,' and 'Bon-Ms.'  No explanation was provided of those categories – what they mean, when earnings are paid, or if the earnings are regular, guaranteed, or something else."  Therefore, the court found that "they must all be included in husband's income for the purpose of calculating his child support obligation."  See RSA 458-C:2, IV (2004) (defining gross income for the purpose of child support to include "all income from any source, whether earned or unearned, including, but not limited to, wages, salary, . . . [and] bonuses").  Indeed, the husband did not argue at trial that any items of income reflected by his pay statements were not income for the purposes of RSA 458-C:2, IV.  Cf. In the Matter of Hampers & Hampers, 166 N.H. 422, 440 (2014) (holding burden of establishing deductibility of expenses from partnership income rests with party advocating deduction).  Furthermore, the record does not show that the husband sought reconsideration from the trial court on this issue.  See Fam. Div. R. 1.26(F); N.H. Dep't of Corrections v. Butland, 147 N.H. 676, 679 (2002).

The husband argues that he had "no ability to earn any bonuses before the end of 2014."  Given that the final hearing was held on December 11, 2014, this statement addressed approximately two weeks out of the year.  The husband did not explain at trial, and does not explain on appeal, why monies that he had been paid in 2014 should have been excluded from his gross income.  See State v. Blackmer, 149 N.H. 47, 49 (2003).

We next address the child's uninsured medical expenses.  Although the husband has not supplied us with a copy of the temporary uniform support order, at the hearing, the wife's counsel represented, and the husband did not

contest, that it required the parties to share the uninsured medical expenses equally. We note that the parties' agreed-to final decree also required them to share these expenses equally until the child was emancipated, approximately six months after the final decree.

The husband argues that it is "unfair and unreasonable to require [him] to pay any portion" of the child's 2014 uninsured medical expenses because the wife did not: (1) consult him about the child's health issues; (2) notify him of the child's appointments so that he could attend; or (3) provide him with the uninsured portions of the medical bills until the end of the year, one week before the final hearing.

However, the record includes several emails from the wife informing the husband of the child's medical issues, providing the date of at least one appointment, and giving estimates of the procedures in advance. Furthermore, we note that the record shows that the child is eighteen and spends one or more nights a week at the husband's house. The emails demonstrate that the husband was on notice during the year that the child was incurring substantial uninsured medical bills. The trial court provided the husband fifteen days after the final hearing to review the wife's receipts and to provide his own, and an additional ten days to reach an agreement and equalize their payments. Accordingly, we conclude that the trial court sustainably exercised its discretion in requiring the husband to pay one-half of the child's uninsured medical bills for 2014 in accordance with the temporary support order.

We decline to address the husband's other arguments because they are not sufficiently developed. See id.

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**

3