**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2015-0261, <u>Robert L. Benjamin v. Vatche Manoukian & a.</u>, the court on March 3, 2016, issued the following order:**

Having considered the briefs, memorandum of law, and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

Defendants Vatche Manoukian and Linda Haytayan appeal the order of the Superior Court (<u>McGuire</u>, J.) requiring them to pay the plaintiff, Robert Benjamin, $1,500 per month toward a judgment in excess of $536,000. <u>See</u> RSA 524:6-a (Supp. 2015) (Periodic Payment of Judgments). We construe their brief to argue that the evidence was insufficient to show that they have the ability to pay the amount ordered.

We review a trial court's periodic payment order under our unsustainable exercise of discretion standard. <u>American Express Travel v. Moskoff</u>, 148 N.H. 446, 450 (2002). Under this standard, the defendants must demonstrate that the court's ruling was clearly untenable or unreasonable to the prejudice of their case. <u>State v. Lambert</u>, 147 N.H. 295, 296 (2001). We will affirm the trial court's factual findings unless they are unsupported by the evidence and its legal rulings unless they are erroneous as a matter of law. <u>Kessler v. Gleich</u>, 156 N.H. 488, 491 (2007). The trial court, as finder of fact, may accept or reject, in whole or in part, the testimony of any witness or party, and is not required to believe even uncontested evidence. <u>In the Matter of Aube & Aube</u>, 158 N.H. 459, 466 (2009). We defer to the trial court's judgment on such issues as resolving conflicts in testimony, measuring the credibility of witnesses, and determining the weight to be given to evidence. <u>Id</u>.

The defendants argue that the evidence was insufficient to show that they have the ability to pay the plaintiff $1,500 per month. Manoukian asserts that he has no income other than the $1,100 per month that he receives in social security. Haytayan asserts that she has earned no income in her current position as a real estate agent. The defendants admit that until several years ago, they owned approximately 53 limited liability companies which held their real estate. Manoukian's children now own four of those properties, and the remaining properties have been lost in foreclosure.

The record shows that the defendants have been involved in two real estate ownership and management companies: Mile High Real Estate, LLC, and Mile High Real Estate Management, LLC. Manoukian is the manager of Mile High Real Estate, LLC, but he claims he receives no income from the business. Mile High Real Estate, LLC, is currently owned by Manoukian's brother and a trust. Mile High Real Estate Management, LLC, is currently owned and operated by Manoukian's daughter.

The trial court found that Manoukian's testimony – that he has no income other than the $1,100 per month that he receives in social security – was not credible. Based upon the evidence, the court found it "obvious" that Manoukian is "still very much involved with Mile High Real Estate Management and/or Mile High [R]eal Estate, although he claims no income." Manoukian insists that he merely "assists his children on running the business when they need help." The trial court was not required to accept his testimony. See Aube, 158 N.H. at 466. After considering the evidence, the court concluded that "there has been an untrustworthy entanglement among family members in Mile High Real Estate commercial activities." The record supports the court's conclusion. See Kessler, 156 N.H. at 491.

Moreover, the court found that the defendants "have not been forthright in providing discovery or testimony about their finances." Defendants in periodic payment proceedings "cannot be evasive and uncooperative in providing information to the court, and then complain that the order for payment was unreasonable." American Express Travel, 148 N.H. at 451. We conclude that the evidence supports the court's finding that the defendants have the ability to pay the plaintiff $1,500 per month. See Kessler, 156 N.H. at 491.

We find no merit in the defendants' assertion that the trial judge was biased against them. The trial court's determination that their testimony was not credible does not, by itself, support a claim of bias. See In the Matter of Tapply & Zukatis, 162 N.H. 285, 299-300 (2011).

We have considered the defendants' remaining arguments, and have concluded that they do not warrant further discussion. See Vogel v. Vogel, 137 N.H. 321, 322 (1993).

Affirmed.

Hicks, Conboy, and Lynn, JJ., concurred.

**Eileen Fox,**
**Clerk**

2