**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2015-0472, <u>In the Matter of Kara Golden and Michael Golden</u>, the court on July 12, 2016, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case.  <u>See</u> <u>Sup. Ct. R.</u> 18(1).  We affirm.

The respondent, Michael Golden, appeals, and the petitioner, Kara (Golden) Campobasso, cross-appeals, a final decree issued by the Circuit Court (<u>DalPra</u>, M., approved by <u>Introcaso</u>, J.) in their divorce.  The respondent challenges the distribution of property, arguing that the trial court erred as a matter of law and unsustainably exercised its discretion by not awarding him any interest in the petitioner's retirement account.  Specifically, he argues that: (1) although the trial court expressly awarded the asset to the petitioner in its decree, the court did not treat it as "marital property" subject to division pursuant to RSA 458:16-a (2004); (2) awarding the asset in its entirety to the petitioner resulted in a property award that was unreasonably disproportionate and inequitable; and (3) the trial court's findings violated the statutory presumption that an equal property division is equitable, were inconsistent with the statutory factors authorizing an unequal division of property, and failed to satisfy the requirement of RSA 458:16-a, IV that the court "specify written reasons for" an unequal division of marital property.  In her cross-appeal, the petitioner challenges the award of alimony to the respondent, arguing that the respondent does not need rehabilitative alimony, and that she lacks the ability to pay the amount of alimony awarded.

The trial court has broad discretion in fashioning a final decree of divorce.  <u>In the Matter of Spenard & Spenard</u>, 167 N.H. 1, 3 (2014).  Its discretion necessarily encompasses decisions concerning the distribution of marital property and the award of alimony.  <u>See</u> <u>id</u>.  We will not overturn the trial court's rulings on such matters absent an unsustainable exercise of discretion.  <u>Id</u>.  "This means that we review the record only to determine whether it contains an objective basis to sustain the trial court's discretionary judgments."  <u>Id</u>. (quotation and brackets omitted).  "[W]e defer to the trial court's judgment on such issues as resolving conflicts in the testimony, measuring the credibility of witnesses, and determining the weight to be given evidence."  <u>In the Matter of Aube & Aube</u>, 158 N.H. 459, 465 (2009).  If the trial court's findings could reasonably have been made upon the evidence presented, they will stand.  <u>Spenard</u>, 167 N.H. at 3.

Each party has the burden of demonstrating reversible error as to those issues that the party is raising on appeal or cross-appeal. Gallo v. Traina, 166 N.H. 737, 740 (2014). Based upon our review of the trial court's well-reasoned order, the parties' respective challenges to it, the relevant law, and the record submitted on appeal, we conclude that neither party has demonstrated reversible error. See id.

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,
Clerk**