# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2015-0460, <u>In the Matter of Tracy Waite and Richard Waite</u>, the court on September 29, 2016, issued the following order:**

Having considered the respondent's brief and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. See Sup. Ct. R. 18(1). We affirm.

The respondent, Richard Waite (husband), appeals a final decree issued by the Circuit Court (<u>Forrest</u>, J.) in his divorce from the petitioner, Tracy Waite (wife). He argues that, in awarding the wife her 401K account in its entirety because he had conveyed certain parcels of real property, which were part of the marital estate, to third parties, the trial court erred by: (1) crediting the wife's testimony that she had contributed to the property's purchase and improvement; and (2) finding that he had wrongfully transferred the property. According to the husband, the conveyances were not wrongful because he had conveyed the parcels before he had received formal notice of the trial court's order barring their transfer. He further argues that the trial court erred by "not using the mediator[']s report" from an earlier petition for legal separation between the parties, by "not looking at the proof in the courtroom," and by "holding [his] 'look' and situation against" him.

The trial court has broad discretion in fashioning a final decree of divorce. In the Matter of Spenard & Spenard, 167 N.H. 1, 3 (2014). Its discretion necessarily encompasses decisions concerning the division of marital property. See id. In dividing marital property, the trial court is not precluded from awarding a particular asset in its entirety to one party. In the Matter of Dube & Dube, 163 N.H. 575, 582 (2012). We will not overturn the trial court's decision absent an unsustainable exercise of discretion. Id. "This means that we review the record only to determine whether it contains an objective basis to sustain the trial court's discretionary judgments." Spenard, 167 N.H. at 3 (quotation and brackets omitted). To establish an unsustainable exercise of discretion, the husband has the burden to demonstrate that the trial court's ruling was clearly untenable or unreasonable to the prejudice of his case. In the Matter of Peirano & Larsen, 155 N.H. 738, 750 (2007).

"[W]e defer to the trial court's judgment on such issues as resolving conflicts in the testimony, measuring the credibility of witnesses, and determining the weight to be given evidence." In the Matter of Aube & Aube, 158 N.H. 459, 465 (2009). The trial court is free to accept or reject, in whole or

in part, the testimony of any party, and is not required to believe even uncontested evidence. Id. at 466. If the court's findings could reasonably have been made on the evidence presented, they will stand. Spenard, 167 N.H. at 3.

In this case, the evidence establishes that the husband acquired title to the property at issue, which consisted of two contiguous unimproved parcels, in 2011, subsequent to the parties' marriage, for $40,000. The parties paid $2,000 of the purchase price up front, and financed the remainder with the seller through monthly payments of $200. The wife testified that the $2,000 down payment came from her prior 401K account and from the parties' savings. She further testified that she made all monthly payments for approximately sixteen months until the parties separated in 2012, and that she paid approximately $3,000 to install a foundation on the property.

On September 15, 2014, the wife filed the present divorce petition, and on September 19, she filed a motion to enjoin the transfer of the property. At that time, the husband was in custody awaiting trial on felony sexual assault charges. In her motion to enjoin the transfer, the wife asserted that she had learned from the county attorney's office that the husband had made a phone call to his mother in which he discussed a plan to transfer the property to the mother by quit claim deed. On September 24, 2014, the husband conveyed one parcel to his mother and the other to his girlfriend. By the time the trial court had scheduled a hearing on the motion to enjoin, the husband had already conveyed the property. According to the husband, he did not receive notice of the divorce and anti-hypothecation order until September 29, 2014, after he had conveyed the parcels.

Because the husband had already conveyed the parcels at the time of the final hearing, the wife requested that she be awarded her 401K account in its entirety. The account was then worth approximately $13,000. Although the husband disputed that the wife had paid any money toward the property, and testified that she had earlier unsuccessfully attempted to acquire it through a petition for legal separation that had been dismissed, he asserted that he did "not want any interest in her 401(k)." In its final decree, the trial court awarded the 401K account to the wife in its entirety, finding that the husband had "wrongfully transferred [the] real estate," and that, although the parcels had been titled solely in the husband's name, they "were acquired during the marriage," and the wife had contributed to their purchase and improvement.

Upon this record, we cannot say that the trial court unsustainably exercised its discretion. The trial court's decision to credit the wife's testimony was well within its discretion. Aube, 158 N.H. at 465-66. Moreover, regardless of whether the property was titled in the wife's name, whether she had contributed to its acquisition or improvement, or whether the husband had received notice of the divorce and anti-hypothecation order at the time that he conveyed it, the property was part of the marital estate and, thus, was subject

2

to equitable distribution.  See Spenard, 167 N.H. at 6.  The trial court, however, did not order the husband to pay the wife any amount to compensate her for her interest in the marital property that he had conveyed.  Instead, it awarded the wife her entire 401K account, which was then worth approximately twice the amount that the wife had testified she had contributed to the property.  Further, the husband expressly disclaimed any interest in the 401K account.  Under these circumstances, the husband cannot show that the trial court's decision was clearly unreasonable or untenable to the prejudice of his case.  See Peirano & Larsen, 155 N.H. at 750.

The remaining arguments raised in the husband's brief are not sufficiently developed to warrant review on appeal.  State v. Blackmer, 149 N.H. 47, 49 (2003).  Issues raised in the husband's notice of appeal that he has not briefed are waived.  Id.

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.


**Eileen Fox,
Clerk**


3