**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2015-0716, <u>Vanessa Vanderhoek v. Aylward Motors</u>, the court on August 24, 2016, issued the following order:**

Having considered the brief and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendant, Aylward Motors, appeals the order of the Circuit Court (Ashley, J.), following our remand in an earlier appeal, <u>see</u> <u>Vanderhoek v. Aylward Motors</u>, No. 2014-0263 (N.H. March 17, 2015), awarding the plaintiff, Vanessa Vanderhoek, $1,313.38 plus costs and interest on her small claim. The defendant argues that the plaintiff's testimony lacked credibility, that her evidence of damages was unreliable, and that the court erred in awarding damages for replacement tires.

The defendant first argues that the plaintiff's testimony was inaccurate, untruthful, and inconsistent. We defer to a trial court's judgment on such issues as resolving conflicts in testimony, measuring the credibility of witnesses, and determining the weight to be given evidence. <u>In the Matter of Aube & Aube</u>, 158 N.H. 459, 465 (2009). We will affirm the trial court's findings if a reasonable person could have made such findings based upon the evidence presented. <u>Cook v. Sullivan</u>, 149 N.H. 774, 780 (2003).

The record shows that on August 6, 2013, the plaintiff paid $2,200 to purchase a 1996 Dodge Ram 1500 pick-up truck on consignment from the defendant, who was the consignee. On August 14, 2013, the defendant performed a state inspection on the vehicle and found that it passed inspection. In the prior appeal, we concluded that the evidence was sufficient for the trial court to have found that the defendant misrepresented the condition of the vehicle at the time of sale, but vacated the damages award and remanded for a hearing on damages. <u>See</u> <u>Vanderhoek</u>, No. 2014-0263.

The trial court found, after a hearing on damages and a review of the invoices, that the plaintiff paid Atkins Auto $658.18 to make certain repairs to the vehicle in September 2013, and that the defendant should have noticed the deficiencies when it inspected the vehicle on August 14, 2013. The defendant asserts that the vehicle could not have been repaired in September 2013 because some of the plaintiff's photographs showed snow in the background, and it appeared that the repairs had not been completed when the photographs

were taken. The plaintiff testified that she took some of the photographs, that her father-in-law took some of the others, and that she could not recall when the photographs were taken. The trial court, as fact-finder, is not required to explain away all inconsistencies in the evidence presented at trial. Barrows v. Boles, 141 N.H. 382, 396-97 (1996) (brackets, citations, and quotations omitted). Based upon our review of the record, we conclude that a reasonable person could have found as the trial court did. See Cook v. Sullivan, 149 N.H. at 780.

The defendant next argues that the trial court erred in accepting the plaintiff's invoices as evidence of her damages, asserting that they were unreliable, that they were prepared "after the fact," and that they were inconsistent with the plaintiff's testimony. We defer to the trial court's determination as to the weight to be given evidence. In the Matter of Aube & Aube, 158 N.H. at 465. The trial court noted in its order that some of the invoices were duplicative; however, after a careful review, it found that the plaintiff paid $318.83 for the services listed in the September 16, 2013 invoice and $339.35 for the services listed in the September 19, 2013 invoice, in addition to the $655.20 she paid Wal-Mart to install new tires. Based upon our review of the record, we conclude that a reasonable person could have found the plaintiff's damages to be the amount found by the trial court. See Cook v. Sullivan, 149 N.H. at 780.

Finally, the defendant argues that the vehicle did not need new tires to pass inspection, noting that tires were not listed on the invoices from Atkins Auto as items needing replacement. A defense witness challenged the need for new tires, testifying, "If the tires were really as bad as she says, she should have replaced them right away." The plaintiff testified at the prior hearing that she had to replace the tires, and at the damages hearing, she introduced receipts showing that she had new tires installed at Wal-Mart on October 22, 2013. Based upon this record, we find no error in the trial court's finding that the vehicle needed new tires to pass inspection. See id.

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,
Clerk**

2