# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2016-0285, <u>Hannah Jones v. Kevin Moul</u>, the court on October 17, 2016, issued the following order:**

Having considered the brief and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendant, Kevin Moul, appeals the order of the Circuit Court (<u>Chabot</u>, J.) granting a final domestic violence protective order to the plaintiff, Hannah Jones. <u>See</u> RSA 173-B:5, I(a) (Supp. 2015). He argues that the evidence was insufficient to support the court's findings.

We review sufficiency of the evidence claims as a matter of law and uphold the trial court's findings and rulings unless they are lacking in evidentiary support or tainted by error of law. <u>Achille v. Achille</u>, 167 N.H. 706, 715 (2015). We accord considerable weight to the trial court's judgments on the credibility of the witnesses and the weight to be given testimony. <u>Id</u>. at 715-16. We view the evidence in the light most favorable to the prevailing party, in this case, the plaintiff. <u>See</u> <u>id</u>. at 716.

To obtain relief under RSA chapter 173-B, the plaintiff must show "abuse" by a preponderance of the evidence. <u>Id</u>. "Abuse" is defined in RSA 173-B:1 to include the commission or attempted commission of one or more of several criminal acts constituting a credible present threat to the plaintiff's safety. <u>See</u> 173-B:1, I (Supp. 2015); <u>Achille</u>, 167 N.H. at 716. The trial court found that the defendant committed the criminal acts of sexual assault, as defined in RSA 632-A:2 through RSA 632-A:5, <u>see</u> RSA 173-B:1, I(c), and harassment, as defined in RSA 644:4, <u>see</u> RSA 173-B:1, I(g).

We cannot conclude that the evidence was insufficient to support the court's finding of abuse by sexual assault as defined in RSA 632-A:2 (2016) through RSA 632-A:5 (2016). <u>See</u> RSA 173-B:1, I (defining abuse to include the commission or attempted commission of <u>one</u> <u>or</u> <u>more</u> of the enumerated criminal acts). The plaintiff testified that, although she had consented to engaging in certain sexual contact with the defendant and a third party, she specifically told him multiple times that she did not consent to engaging in intercourse with him. Nevertheless, she testified that, at some point during the evening in question when the defendant was alone with her, he grabbed her arm, pushed her onto his bed, got on top of her, and engaged in intercourse despite her repeated requests that he stop. The defendant stopped, according to the plaintiff, only when he heard the third party approaching. The plaintiff

testified that she then "freaked out and left." The defendant admitted that the plaintiff told him to stop, but claimed that she only told him to stop when she heard the third party approaching. We defer to a trial court's judgment on such issues as resolving conflicts in testimony, measuring the credibility of witnesses, and determining the weight to be given evidence. In the Matter of Aube & Aube, 158 N.H. 459, 465 (2009). Under these circumstances, there was more than sufficient evidence to support the trial court's finding that the defendant engaged in sexual assault as defined by RSA 632-A:2 through RSA 632-A:5. See, e.g., RSA 632-A:2, I(m) (defining aggravated felonious sexual assault to include sexual penetration with someone who, at the time of the act, indicates by speech or conduct that there is no freely given consent to the sexual act). Accordingly, we need not address whether the evidence supported the finding that the defendant engaged in harassment.

The defendant also argues that the evidence was insufficient to support a finding that he represented an ongoing, credible threat to the plaintiff's safety. Domestic violence protective orders are to be utilized when a victim has shown a need for protection from an ongoing, credible threat to his or her physical safety. Knight v. Maher, 161 N.H. 742, 745-46 (2011). The nature and extent of the defendant's misconduct are important considerations. Achille, 167 N.H. at 718. In this case, the defendant sexually assaulted the plaintiff. The plaintiff testified that, the day after the assault, she blocked his telephone number so she would not receive messages from him. However, the defendant sent her a Facebook message in which he apologized for his behavior the previous night. In her response, the plaintiff told him, "I need you to leave me alone." Despite this response, the defendant continued to send the plaintiff Facebook messages, telling her in one message, "you know you led me on." The plaintiff again asked the defendant to "please just stop" and to "leave [her] alone," telling him "you['re] giving me a panic attack." Even after this request, the defendant sent the plaintiff another Facebook message, informing her that he was suspended from his employment because of her, and that she had "taken money from [his] children." The plaintiff testified that the last time the defendant contacted her was "a couple weeks" prior to the April 29, 2016 hearing. The record shows that the sexual assault occurred on April 1, 2016, and that the plaintiff filed her petition on April 19, 2016.

The plaintiff testified that she filed the petition "[b]ecause the YWCA, the women's advocate place, they told me that . . . to show that I was serious about proceeding forward, that it would be best that I got a restraining order." She also testified that her best friend worked with the defendant at the same employer, and that she "just [does not] ever want to see him or be anywhere where he is."

Thus, the record shows that, in the days and weeks immediately following the defendant's sexual assault of the plaintiff, he: (1) contacted her multiple times despite her efforts to block his phone and requests that he leave

her alone; (2) caused her to have a "panic attack"; (3) accused her of causing him to lose his job and taking money from his children; and (4) stopped contacting her only "a couple weeks" before the April 29 hearing, which was around the time she filed her petition. The plaintiff sought assistance from a woman's advocacy service shortly after the assault, and based upon the information she provided, was advised to seek a restraining order. The plaintiff filed her petition less than three weeks after the assault. Based upon this record, we find the evidence sufficient to show the defendant represented an ongoing, credible threat to the plaintiff's safety. See Achille, 167 N.H. at 718.

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**
