**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2017-0043, <u>Karen Hinse v. Ryan Dunn</u>, the court on August 1, 2017, issued the following order:**

The plaintiff's motion to strike the defendant's brief and dismiss the appeal is denied. Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendant, Ryan Dunn, appeals an order of the Circuit Court (<u>Tenney</u>, J.) granting a domestic violence final order of protection to the plaintiff, Karen Hinse. <u>See</u> RSA 173-B:5 (Supp. 2016). The defendant argues that: (1) the evidence was insufficient to show a credible present threat to the plaintiff's safety; (2) the plaintiff's testimony lacked credibility; (3) evidence of domestic violence in 2006 was too remote in time and too non-specific to support a domestic violence protective order; and (4) the trial court made no specific findings to support its general finding of sexual assault.

The defendant first argues that the evidence was insufficient to show that his conduct constituted a credible present threat to the plaintiff's safety. We review sufficiency of the evidence claims as a matter of law and uphold the trial court's findings and rulings unless they are lacking in evidentiary support or tainted by error of law. <u>Achille v. Achille</u>, 167 N.H. 706, 715 (2015). We accord considerable weight to the trial court's judgments on the credibility of the witnesses and the weight to be given testimony. <u>Id</u>. at 715-16. We view the evidence in the light most favorable to the prevailing party, in this case, the plaintiff. <u>See</u> <u>id</u>. at 716.

To obtain relief under RSA chapter 173-B, the plaintiff must show "abuse" by a preponderance of the evidence. <u>Id</u>. "Abuse" is defined in RSA 173-B:1 to include the commission or attempted commission of one or more of several criminal acts constituting a credible present threat to the plaintiff's safety. <u>See</u> 173-B:1, I (Supp. 2016); <u>Achille</u>, 167 N.H. at 716.

The plaintiff testified that whenever the defendant came to her house to pick up their children for parenting time:

he would ask me several times if I want to have sex with him and I would say no, over and over again. And he'd keep asking. He'd raise his voice and I would get scared because of the past domestic

violence of him abusing me physically. And I was also afraid that he might hurt me or my kids if I didn't. He also carries a concealed weapon inside of his pants. And so he goes in the room and I just lay there and I look away.

At the December 9, 2016 final hearing, the plaintiff testified that this conduct occurred most recently "the Thursday before Thanksgiving." The trial court found that the defendant committed the criminal act of sexual assault, as defined in RSA 632-A:2 through RSA 632-A:5, see RSA 173-B:1, I(c), and that his conduct constituted a credible present threat to the plaintiff's safety. The record supports the court's findings. See Achille, 167 N.H. at 715.

The defendant argues that the plaintiff's testimony lacked credibility because she did not file her domestic violence petition until years after the alleged conduct began. He contends that the plaintiff filed her petition in retaliation for his intention to seek additional parenting time, and that she sought to avoid the loss of child support that would result from modified parenting time. Conflicts in testimony, questions about the credibility of witnesses, and the weight to be given to testimony are matters for the trial court to resolve. In the Matter of Aube & Aube, 158 N.H. 459, 465 (2009). We will uphold the trial court's credibility determinations unless no rational trier of fact could have reached the same conclusion. State v. Carr, 167 N.H. 264, 275 (2015). Based upon this record, we cannot conclude that the court erred in its credibility determinations. See id.

The defendant asserts that the plaintiff's testimony regarding an incident of domestic violence in 2006 was too remote in time and too non-specific to support a finding that he presents an ongoing threat to her safety. Although incidents that are "too distant in time and non-specific" cannot support a finding of abuse, see Walker v. Walker, 158 N.H. 602, 608 (2009) (quotation omitted), the court's finding of abuse was based upon the sexual assaults, the latest of which occurred as recently as two weeks before the hearing, not the earlier domestic violence incident.

Finally, the defendant argues that the trial court made no specific findings to support its general finding of sexual assault. However, the court credited the plaintiff's testimony that she and the defendant engaged in sexual contact without her consent. This was sufficient to support its finding that the defendant engaged in sexual assault as defined by RSA 632-A:2 through RSA 632-A:5. See, e.g., RSA 632-A:2, I(m) (2016) (defining aggravated felonious sexual assault to include sexual penetration with someone who, at the time of the act, indicates by speech or conduct that there is no freely given consent to the sexual act). Although the defendant argues that there was no

2

corroborating evidence of sexual assault, the plaintiff was not required to provide corroborating evidence.  <u>See</u> RSA 632-A:6, I (2016).

<u>Affirmed</u>.

Dalianis, C.J., and Hicks, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,<br>Clerk**