# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2017-0234, <u>Melissa Allen v. Lawrence Holdsworth</u>, the court on August 15, 2017, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendant, Lawrence Holdsworth, appeals an order of the Circuit Court (<u>Geiger</u>, Referee, approved by <u>Gordon</u>, J.), following a hearing, granting a domestic violence final order of protection to the plaintiff, Melissa Allen. <u>See</u> RSA 173-B:5 (Supp. 2016). The defendant argues that the evidence was insufficient to support the court's order and that the court erred in allowing evidence of his prior conduct toward the plaintiff.

We review sufficiency of the evidence claims as a matter of law and uphold the trial court's findings and rulings unless they are lacking in evidentiary support or tainted by error of law. <u>Achille v. Achille</u>, 167 N.H. 706, 715 (2015). We accord considerable weight to the trial court's judgments on the credibility of the witnesses and the weight to be given testimony. <u>Id</u>. at 715-16. We view the evidence in the light most favorable to the prevailing party, in this case, the plaintiff. <u>See</u> <u>id</u>. at 716.

To obtain relief under RSA chapter 173-B, the plaintiff must show "abuse" by a preponderance of the evidence. <u>Id</u>. "Abuse" is defined in RSA 173-B:1 to include the commission or attempted commission of one or more of several criminal acts constituting a credible present threat to the plaintiff's safety, including stalking as defined in RSA 633:3-a (2016). <u>See</u> RSA 173-B:1, I(e) (Supp. 2016).

A person commits the offense of stalking if he purposely or knowingly engages in a course of conduct targeted at a specific person which he knows will place that person in fear for his or her personal safety. RSA 633:3-a, I(a). "Course of conduct" is defined as two or more acts over a period of time, however short, which evidence a continuity of purpose. RSA 633:3-a, II(a). A course of conduct may include appearing in close proximity to the person's place of employment. RSA 633:3-a, II(a)(3).

The evidence was sufficient to show that the defendant purposely or knowingly engaged in a course of conduct targeted at the plaintiff, which he

knew would place her in fear for her personal safety. The plaintiff testified that the first incident occurred on January 21, 2017, two days after she received this court's decision in her divorce case from the defendant. See In the Matter of Allen & Holdsworth, No. 2016-0107, 2017 WL 21852 (N.H. Jan. 18, 2017). She testified that she observed the defendant's truck parked five spaces from the entrance to her business, in a small commercial park in Grantham. She testified that she was concerned because the defendant lives in Andover, and she knew of no reason why he needed to be in Grantham. She also testified that he knew where she worked and that he previously placed her in fear by appearing close to her employment.

The defendant and his wife testified that they were looking for real estate in Grantham, and that their realtor told them that the best place to eat in town was the restaurant in the commercial park where the plaintiff's business was located. Conflicts in testimony, questions about the credibility of witnesses, and the weight to be given to testimony are matters for the trial court to resolve. In the Matter of Aube & Aube, 158 N.H. 459, 465 (2009). We will uphold the trial court's credibility determinations unless no rational trier of fact could have reached the same conclusion. State v. Carr, 167 N.H. 264, 275 (2015). Based upon this record, we cannot conclude that the court was required to accept the testimony of the defendant and his wife. See id.

The plaintiff testified that the second incident occurred on February 15, 2017, when she observed the defendant's truck parked five feet from the entrance to her business. The defendant had reason to know that the plaintiff was at work, based upon photographs introduced into evidence showing that there was an "open" sign in the window of her business. The defendant testified that he was traveling through the area and stopped at the convenience store in the commercial park because it was nearby. However, the court was not required to accept his testimony. See id.

The plaintiff testified, "[t]here's about 50 parking places at my office building. He could have parked in any one of them, other than the ones just right outside my door." She testified that she was in fear for her safety because she knows the defendant keeps a gun in his truck, and because, she claims, he previously attempted to drive her off the road. The defendant counters that the plaintiff could not have been in fear for her safety because she exited her office and took photographs of him and his vehicle, which placed her at additional risk. This was a credibility issue for the trial court. See id. The court found that "[t]here is a credible threat to [the plaintiff's] safety, because of [the defendant's] erratic and obsessive behavior, which has continued over the years." The record supports the court's findings. See Achille, 167 N.H. at 715.

The defendant argues that the police investigated the incidents and concluded that that there was a legitimate purpose for his presence near the plaintiff's business. However, the record shows only that the police concluded

2

that he was not violating "no trespass" orders. Because the trial court was not required to accept his testimony, see id., it was not required to conclude that his conduct was necessary to accomplish a legitimate purpose, or that it constituted constitutionally protected activity.

The defendant argues that the trial court erred in allowing evidence of his earlier conduct toward the plaintiff, some of which supported a prior domestic violence protective order. Although incidents that are "too distant in time and non-specific" cannot support a finding of abuse, see Walker v. Walker, 158 N.H. 602, 608 (2009) (quotation omitted), the evidence was relevant to show that the defendant previously placed the plaintiff in fear by appearing close to her place of employment. Accordingly, we find no error.

We have considered the defendant's remaining arguments, and have concluded that they do not warrant further discussion. See Vogel v. Vogel, 137 N.H. 321, 322 (1993).

Affirmed.

Dalianis, C.J., and Hicks, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**