# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2017-0404, <u>Michael Weeden v. Shawn O'Brien</u>, the court on August 10, 2018, issued the following order:**

Having considered the brief and record submitted on appeal, we conclude that oral argument is unnecessary in this case.  <u>See</u> <u>Sup. Ct. R.</u> 18(1).  We affirm.

The defendant, Shawn O'Brien (tenant), appeals an order of the Circuit Court (<u>Ashley</u>, J.) in favor of the plaintiff, Michael Weeden (landlord), on his action for possession and unpaid rent.  <u>See</u> RSA 540:13 (2007).  We construe the tenant's brief to argue that the trial court:  (1) erred by finding that he had not complied with the requirements of RSA 540:13-d (2007); and (2) was biased against him.

 We review the trial court's legal rulings <u>de</u> <u>novo</u>, but defer to its findings of fact if supported by the record.  <u>Evans v. J Four Realty,</u> 164 N.H. 570, 572 (2013).  In reviewing the trial court's findings of fact, we defer to its judgment in resolving conflicts in testimony and evaluating the credibility of witnesses.  <u>In the Matter of Aube & Aube</u>, 158 N.H. 459, 465 (2009).  Indeed, the trial court is free to accept or reject, in whole or in part, the testimony of any party, and is not required to believe even uncontested evidence.  <u>Id</u>. at 466; <u>see</u> <u>Wass v. Fuller</u>, 158 N.H. 280, 283 (2009).  These rules are not relaxed for self-represented parties.  <u>See</u> <u>In the Matter of Birmingham & Birmingham</u>, 154 N.H. 51, 56-57 (2006).

We first address whether the tenant complied with RSA 540:13-d, which provides that a possessory action for nonpayment of rent may not be maintained "if such premises are in substantial violation of the standards of fitness for health and safety" set forth by statute or local laws "and such violation materially affects the habitability of said premises."  RSA 540:13-d, I.  To raise a defense under RSA 540:13-d, a tenant must, among other requirements, prove "by clear and convincing evidence that, while not in arrears in rent, he provided notice of the violation to the person to whom he customarily pays rent."  RSA 540:13-d, I(a); <u>see</u> <u>Liam Hooksett, LLC v. Boynton</u>, 157 N.H. 625, 630 (2008).

In this case, the tenant represented that he had not provided the landlord with written notice of the alleged violations, but had verbally notified the landlord's father prior to being in arrears in rent.  However, the landlord represented that the tenant did not notify him of the violations until after he was in arrears.  The trial court was free to accept the landlord's representation over that of the tenant.  <u>See</u> <u>Wass</u>, 158 N.H. at 283.

We next address the tenant's claim that the trial court was biased against him. A party claiming bias must show its existence or likelihood, or the appearance of bias, such that the judge would be unable to achieve the balance between vindicating the interests of the court and the interests of a party. George v. Al Hoyt & Sons, Inc., 162 N.H. 123, 140 (2011). The test for bias is whether a reasonable person would question the judge's impartiality. Id. A trial judge is per se disqualified when she has pecuniary interests in the outcome, she has become personally embroiled in criticism from a party before her, she has heard evidence in secret at a prior proceeding, or she is related to a party. Id.

In this case, the fact that the trial judge had presided over a criminal matter involving the tenant did not render her biased against him. See Sherryland v. Snuffer, 150 N.H. 262, 269 (2003). Upon this record, we cannot conclude either that a reasonable person would have questioned Judge Ashley's impartiality or that any factors that would have per se disqualified her were present. See State v. Bader, 148 N.H. 265, 268-71 (2002).

Affirmed.

Lynn, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.


**Eileen Fox,
Clerk**

2