**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2019-0108, <u>In the Matter of Allen McKenzie and Jodi McKenzie</u>, the court on October 15, 2019, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The petitioner, Allen McKenzie (husband), appeals the final decree of the Circuit Court (<u>Lemire</u>, J.) in his divorce from the respondent, Jodi McKenzie (wife), raising numerous challenges to the trial court's alimony award.

The husband first argues that the trial court erred in relying upon the wife's financial affidavit to determine the amount of its alimony award. The trial court is afforded broad discretion in awarding alimony. <u>In the Matter of Nassar & Nassar</u>, 156 N.H. 769, 772 (2008). We will not overturn the trial court's decision absent an unsustainable exercise of discretion. <u>Id</u>. We will uphold its factual findings unless they are lacking in evidentiary support or erroneous as a matter of law. <u>Id</u>.

The husband argues that there is no evidence to support the court's finding that the wife earns $1,590 gross monthly income. However, the wife stated in her financial affidavit that she earns $1,590 per month before taxes, and at the final hearing, she confirmed that the affidavit "shows accurately what [she is] earning now." The husband argues that, "[u]sing simple math," the wife's testimony regarding her hourly wage and number of hours worked per week shows that she earns more than what she stated in her financial affidavit. However, we defer to the trial court on such issues as resolving conflicts in testimony, measuring the credibility of witnesses, and determining the weight to be given evidence. <u>In the Matter of Aube & Aube</u>, 158 N.H. 459, 465 (2009). We conclude that the trial court's finding regarding the wife's gross income could reasonably have been made based upon the evidence presented. <u>Cook v. Sullivan</u>, 149 N.H. 774, 780 (2003).

The husband next argues that there was insufficient evidence to show that the purpose of the trial court's six-year alimony award is rehabilitative. The principle that the primary purpose of alimony is rehabilitative "is based upon the realization that modern spouses are equally able to function in the job market and to provide for their own financial needs." <u>In the Matter of Nassar</u>, 156 N.H. at 777 (quotation omitted). "Alimony should, therefore,

generally be designed to encourage the recipient to establish an independent source of income." Id. The record in this case shows the parties' relationship began when they were in high school. The wife did not complete high school, but she obtained her G.E.D. Her employment history has been interrupted by periods during which she was a stay-at-home mother to the parties' children. She was the primary caretaker for the children during the marriage, while the husband was the primary income earner. Based upon this record, we conclude that the trial court's award of alimony for six years is consistent with the rehabilitative purpose of alimony. See id.

The husband next argues that the evidence was insufficient to show that the wife cannot be self-supporting through appropriate employment at a standard of living that meets her reasonable needs. The trial court may award alimony if: (1) the party in need lacks sufficient income, property, or both to provide for her reasonable needs, considering the style of living to which the parties have become accustomed during the marriage; (2) the payor is able to continue to meet his own reasonable needs, considering the style of living to which the parties have become accustomed during the marriage; and (3) the party in need cannot be self-supporting through appropriate employment at a standard of living that meets reasonable needs. See In the Matter of Kempton & Kempton, 167 N.H. 785, 801-02 (2015); RSA 458:19, I (2018) (amended 2018). The husband concedes that he has the ability to pay alimony, but argues that the wife's claimed expenses are inflated and inaccurate. The trial court found that some of the parties' claimed expenses are "unnecessarily excessive" and inaccurate. Nevertheless, the court concluded that the wife needs alimony to meet her reasonable needs, considering that she will need to maintain a separate household and incur separate expenses. We conclude that the record supports the court's findings. See In the Matter of Nassar, 156 N.H. at 772.

Finally, the husband argues that a monthly alimony award of $1,820, when the basis for that figure is not stated in the order, is erroneous. In determining the amount of alimony, a trial court must consider: the length of the marriage; the age, health, social or economic status, occupation, amount and sources of income, the property awarded under RSA 458:16-a, vocational skills, employability, estate, liabilities, and needs of each of the parties; the opportunity of each for future acquisition of capital assets and income; the fault of either party as defined in RSA 458:16-a, II(l); and the federal tax consequences of the order. See In the Matter of Kempton, 167 N.H. at 802; RSA 458:19, IV(b) (2018) (amended 2018). Further, the court may consider the economic contribution of the parties to the value of their respective estates, as well as non-economic contributions to the family unit. See RSA 458:19, IV(d) (2018) (amended 2018). We assume the trial court made all findings necessary to support its decision, even if it did not do so expressly. See In the Matter of Costa & Costa, 156 N.H. 323, 331 (2007). Accordingly, we assume that the trial court considered all the factors enumerated in RSA 458:19, IV, and that

2

its findings support the amount of alimony awarded.  See id.  We conclude that the record supports the trial court's assumed findings.  See Nassar, 156 N.H. at 772.  The parties were married for thirteen years.  Given the length of the parties' marriage, the wife's education and skills, the husband's gross income of $9,548 per month, and the wife's gross income of $1,590 per month, we cannot say that a monthly alimony award of $1,820 for six years is unreasonable as a matter of law.  See id.

Affirmed.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,**
**Clerk**
