# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2018-0563, <u>In the Matter of Tarek Gomaa and Amany Kandil</u>, the court on May 2, 2019, issued the following order:**

Having considered the petitioner's brief and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The petitioner, Tarek Gomaa, appeals a final decree of the Circuit Court (<u>DalPra</u>, M., approved by <u>Introcaso</u>, J.) in his divorce from the respondent, Amany Kandil. He argues that the trial court erred in its determination of the value of the marital home by relying upon an estimate offered by the respondent that she had derived from an internet service, rather than by ordering the parties to engage, and to share the costs of, an independent appraiser. He further argues that the trial court erred by granting him weekly parenting time from Sunday at 5:00 pm until Tuesday at 9:00 am, rather than at other times that he had requested.

The trial court has broad discretion in fashioning a final divorce decree and managing the proceedings before it. <u>In the Matter of Spenard & Spenard</u>, 167 N.H. 1, 3 (2014). Its discretion necessarily encompasses decisions concerning property distribution and parenting rights and responsibilities. <u>See</u> <u>In the Matter of Conant & Faller</u>, 167 N.H. 577, 582 (2015); <u>Spenard</u>, 167 N.H. at 3. Its discretion likewise includes whether to consider new evidence submitted with a motion for reconsideration, or to reopen a matter and allow the submission of new evidence. <u>See</u> <u>Spenard</u>; 167 N.H. at 3; <u>Lillie-Putz Trust v. Downeast Energy Corp.</u>, 160 N.H. 716, 726 (2010).

We will not overturn the trial court's rulings on such matters absent an unsustainable exercise of discretion. <u>Conant</u>, 167 N.H. at 582; <u>Spenard</u>, 167 N.H. at 3; <u>Lillie-Putz Trust</u>, 160 N.H. at 726. This means that we review the record only to determine whether it contains a sufficient objective basis to sustain the trial court's discretionary judgments. <u>Spenard</u>, 167 N.H. at 3. We defer to the trial court's judgment in resolving conflicting testimony, evaluating the credibility of the witnesses, and determining the weight to assign to the evidence presented at trial. <u>In the Matter of Aube & Aube</u>, 158 N.H. 459, 465 (2009). If the trial court's findings could reasonably have been made on the evidence presented at trial, they will stand. <u>Spenard</u>, 167 N.H. at 3.

It is the burden of the appealing party, here the petitioner, to submit so much of the record as is sufficient to decide the issues he raises on appeal, and to demonstrate that he raised those issues in the trial court. Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250 (2004); see Sup. Ct. R. 15(3) ("If the moving party intends to argue in the supreme court that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, he shall include in the record a transcript of all evidence relevant to such finding or conclusion."). In the absence of a hearing transcript, we assume that the evidence was sufficient to support the result reached by the trial court, and review the trial court's order only for errors of law appearing on the face of the order. Bean, 151 N.H. at 250; Atwood v. Owens, 142 N.H. 396, 396 (1997).

In this case, the petitioner has not provided a transcript of the final hearing. The only portions of the record that he has provided consist of: (1) the trial court's final decree and related orders; (2) his motion for reconsideration, which contained evidentiary proffers; (3) the respondent's objection to the motion for reconsideration; (4) his "replication" to the objection to his motion for reconsideration; and (5) the trial court's order denying the motion for reconsideration. Under these circumstances, we assume that the evidence supported the trial court's decisions, see Bean, 151 N.H. at 250, and we cannot say, upon this record, that any of the trial court's decisions amounted to unsustainable exercises of its discretion.

In light of this order, the petitioner's motion for an expedited decision is moot.

Affirmed.

Lynn, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,
Clerk**

2