# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2019-0635, <u>In the Matter of Deanne Lyons and Wayne Boucher</u>, the court on April 2, 2020, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The respondent, Wayne Boucher (father), appeals a final decree entered by the Circuit Court (<u>McIntyre</u>, J.), following a hearing, on a parenting petition filed by the petitioner, Deanne Lyons (mother). We construe the father's brief to argue that the trial court erred by finding that a shared parenting schedule is in the best interest of the parties' child, by not accepting or considering certain evidence, by crediting other evidence, including testimony and a report of the guardian ad litem and testimony of the mother, by not ruling on his motions but ruling on the mother's motions, and by allegedly being biased.

The trial court has broad discretion in matters involving parenting rights and responsibilities. <u>In the Matter of Miller & Todd</u>, 161 N.H. 630, 640 (2011). Its overriding concern in such matters is the best interest of the child. <u>Id</u>. We will not overturn the trial court's ruling on a parenting petition absent an unsustainable exercise of discretion. This standard of review means that we review only whether the record establishes an objective basis for the trial court's discretionary judgments, and will not disturb its determinations if they reasonably could have been made. <u>Id</u>. We defer to the trial court's judgment on issues such as resolving conflicts in testimony, evaluating the credibility of witnesses, and determining the weight of the evidence presented. <u>In the Matter of Aube & Aube</u>, 158 N.H. 459, 465 (2009). The trial court is free to accept or reject, in whole or in part, the testimony of any witness, and is not required to believe even uncontested evidence. <u>Id</u>. at 466.

Whether an appearance of judicial bias exists that would require a judge's disqualification is determined under an objective standard; that is, a judge's disqualification is required if a reasonable person, and not the allegedly biased judge, would question the judge's impartiality. <u>See</u> <u>State v. Bader</u>, 148 N.H. 265, 268 (2002). Merely rendering rulings adverse to a party does not establish that the judge is biased against that party. <u>See</u> <u>id</u>.

It is the father's burden, as the appealing party, to provide a record that is sufficient to decide the issues he is raising. <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250 (2004); <u>see</u> <u>Sup. Ct. R.</u> 15(3) ("If the moving party intends to argue in the supreme court that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the moving party shall include in the record a transcript of all evidence relevant to such finding or conclusion."). Absent a transcript, we assume that the evidence provided at trial supports the trial court's decision, <u>see</u> <u>id</u>., and we review its decree for errors of law only, <u>Atwood v. Owens</u>, 142 N.H. 396, 397 (1997).

In this case, the father has not provided a transcript. Nor has he provided an appendix with the report of the guardian ad litem, or with any of the motions that he argues the trial court improperly failed to rule upon. <u>See</u> <u>Sup. Ct. R.</u> 13(3). Accordingly, we assume that the trial court's rulings are supported by the record. <u>Bean</u>, 151 N.H. at 250. We find no error of law appearing on the face of the trial court's decree. <u>Atwood</u>, 142 N.H. at 397. Nor do we find, upon this record, either that a reasonable person would have questioned the trial judge's impartiality, or that any factor that would have <u>per se</u> disqualified the trial judge was present. <u>See</u> <u>Bader</u>, 148 N.H. at 268, 270.

<u>Affirmed</u>.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**