# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2019-0689, <u>Karyn Kelley v. Leslie Wood</u>, the court on December 3, 2020, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The plaintiff, Karyn Kelley, appeals the order of the Circuit Court (<u>Ryan</u>, J.), following a hearing, denying her small claim against the defendant, Leslie Wood. <u>See</u> RSA ch. 503 (2010 & Supp. 2019). The plaintiff argues that the trial court erred in finding that she failed to prove that: (1) her dog was bitten by the defendant's dog; and (2) she sustained damages. The plaintiff also argues that the trial court erred in precluding evidence allegedly admissible under New Hampshire Rule of Evidence 608.

In her complaint, the plaintiff alleged that the defendant's dog bit the plaintiff's dog, causing injuries. Following a hearing, during which the plaintiff, the defendant, an animal control officer, and a neighbor testified, the trial court found that the plaintiff failed to prove that the defendant's dog bit the plaintiff's dog. We construe the court's order to impliedly find that the plaintiff also failed to prove that the defendant's dog injured the plaintiff's dog in any other manner during the confrontation. <u>See</u> <u>In the Matter of Salesky & Salesky</u>, 157 N.H. 698, 702 (2008) (we construe trial court's order with reference to issues it was intended to decide). The neighbor testified that her fiancé intervened and separated the dogs before they made contact. The plaintiff argues that the trial court gave too much weight to the neighbor's testimony. We will uphold the trial court's factual findings if they are supported by the record. <u>Vention Med. Advanced Components v. Pappas</u>, 171 N.H. 13, 28 (2018). We defer to a trial court's judgment on such issues as resolving conflicts in testimony, measuring the credibility of witnesses, and determining the weight to be given evidence. <u>In the Matter of Aube & Aube</u>, 158 N.H. 459, 465 (2009). We conclude that the record supports the trial court's implied and expressed findings.

The parties testified that after the incident involving the dogs, the plaintiff approached the defendant. The trial court found that, during this exchange, the defendant's dog "nipped" the plaintiff in the knee, causing the skin to be broken. The court also found, however, that the plaintiff failed to prove recoverable damages resulting from the "nip." The plaintiff has the burden to prove damages. <u>Mahoney v. Town of Canterbury</u>, 150 N.H. 148, 154 (2003). We conclude that the record supports the trial court's finding that the

plaintiff failed to prove that she suffered damages caused by the "nip" to her knee.

Finally, the plaintiff argues that the trial court erred in precluding testimony allegedly admissible under Rule 608. The New Hampshire Rules of Evidence do not apply in small claims cases. See RSA 503:7 (2010). We review a trial court's decision on the admissibility of evidence under our unsustainable exercise of discretion standard. Figlioli v. R.J. Moreau Cos., 151 N.H. 618, 626 (2005). The plaintiff sought to introduce evidence that the defendant attended a high school other than the one that she testified she attended, and that the neighbor had a criminal record. Based upon this record, we cannot conclude that the trial court unsustainably exercised its discretion in precluding this testimony. See id.

To the extent that the plaintiff raises additional arguments, we conclude that they are inadequately developed, see State v. Blackmer, 149 N.H. 47, 49 (2003), not preserved, see Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250-51 (2004), and warrant no further discussion, see Vogel v. Vogel, 137 N.H. 321, 322 (1993); see also In the Matter of Birmingham & Birmingham, 154 N.H. 51, 56 (2006) (self-represented litigants are bound by the same procedural rules that govern parties represented by counsel).

Affirmed.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**

2