# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2022-0419, <u>K.H. v. T.K.</u>, the court on February 2, 2023, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See Sup. Ct. R.</u> 20(2). The defendant, T.K., appeals a civil stalking final order of protection, <u>see</u> RSA 633:3-a (2016), entered against her by the Circuit Court (<u>Murray</u>, J.) for the protection of the plaintiff, K.H. The defendant argues that the trial court erred by not allowing her to introduce evidence that would have been favorable to her. We construe her brief to also argue that the court's order is contrary to the weight of the evidence. We affirm.

The defendant first argues that she was "not allowed to show evidence to prove [her] innocence." It is the burden of the appealing party, here the defendant, to provide this court with a record sufficient to decide her issues on appeal, as well as to demonstrate that she raised her issues in the trial court. <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250 (2004); <u>see also</u> <u>In the Matter of Birmingham & Birmingham</u>, 154 N.H. 51, 56 (2006) (self-represented litigants are bound by the same procedural rules that govern parties represented by counsel). Although the defendant testified concerning certain text messages and an alleged written statement by a third party, the record fails to show that she sought to introduce any such documents into evidence, or that the trial court refused to allow such evidence to be introduced. Accordingly, she has failed to show that the trial court erred. <u>See</u> <u>Bean</u>, 151 N.H. at 250.

The defendant next argues that the court's order is contrary to the weight of the evidence. The trial court has broad discretion to resolve conflicts in the testimony, evaluate the credibility of witnesses, and determine the weight to be given to the evidence. <u>Despres v. Hampsey</u>, 162 N.H. 398, 401 (2011). We will not disturb the trial court's determination unless the court unsustainably exercises its discretion. <u>See</u> <u>id.</u>; <u>see also</u> <u>State v. Lambert</u>, 147 N.H. 295, 296 (2001) (explaining unsustainable exercise of discretion standard).

A person commits the offense of stalking if she "[p]urposely, knowingly, or recklessly engages in a course of conduct targeted at a specific person which would cause a reasonable person to fear for . . . her personal safety or the safety of a member of that person's immediate family, and the person is actually placed in such fear." RSA 633:3-a, I(a). "Course of conduct" is defined as two or more acts over a period of time, however short, which evidences a

continuity of purpose. RSA 633:3-a, II(a). In this case, the defendant does not challenge the trial court's finding that she engaged in a course of conduct targeting the plaintiff. Rather, she suggests that her conduct was necessary to accomplish a legitimate purpose. See RSA 633:3-a, II(a) ("A course of conduct shall not include . . . conduct that was necessary to accomplish a legitimate purpose independent of making contact with the targeted person."). The defendant testified that she contacted the plaintiff out of concern for their mutual friend. The trial court "did not find the [d]efendant's testimony to be credible."

The plaintiff testified that, as a result of the defendant's conduct, she was "in fear of what [the defendant] could do to [her] and [her] kids." The plaintiff testified that she feels that she has to "watch [her] back" and does not feel safe in her apartment complex. The defendant counters that, notwithstanding the plaintiff's testimony, the plaintiff was not actually placed in fear for her personal safety or the safety of her children. It was within the trial court's discretion to accept or reject the plaintiff's testimony. See In the Matter of Aube & Aube, 158 N.H. 459, 466 (2009) (noting that the trial court may accept or reject, in whole or in part, the testimony of any witness or party). Based upon this record, we cannot conclude that the trial court unsustainably exercised its discretion in resolving the conflicting testimony, evaluating the credibility of the witnesses, and determining the weight to be given to the evidence. See Despres, 162 N.H. at 401.

In light of this order, the defendant's motion to expedite the case is moot.

Affirmed.

MacDonald, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**